# In re Viralene GOOLCHARAN, Respondent
# In re Reagan GOOLCHARAN, Respondent

File A73 536 444 - Newark
File A73 536 443

*Decided February 1, 2001*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The regulatory deadline for filing a motion to reopen or motion to reconsider before the Immigration Judge is determined by the date on which the Immigration Judge entered a final administrative order, and the regulatory deadline is not affected by subsequent actions taken by the Immigration and Naturalization Service in the course of executing the Immigration Judge's order.

FOR RESPONDENTS: Natasha Samus, Esquire, New York, New York

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Lisa M. Golub, Assistant District Counsel

Before: Board Panel: HEILMAN, FILPPU, and MOSCATO, Board Members.

MOSCATO, Board Member:

The respondents appeal from the decision of an Immigration Judge to deny their motion to reopen deportation proceedings. The respondents argue that their motion was timely because it was filed within 90 days of the date of the final administrative order in their case, which they assert was the date that their period of voluntary departure expired. The appeal will be dismissed.

## I. BACKGROUND

On April 30, 1997, the Immigration Judge found the respondents, who are mother and son, deportable as charged but granted them the privilege of voluntary departure under section 244(e) of the Immigration and Nationality Act, 8 U.S.C. § 1254(e) (1994). The respondents were given until December 31, 1997, to depart the United States voluntarily.

On November 5, 1997, the lead respondent married a United States citizen, who filed separate visa petitions on the respondents' behalf on December 20, 1997. The petitions were approved on January 15, 1998, and March 13, 1998, after the respondents' period of voluntary departure had expired.

On an undisclosed date, the respondents requested an extension of voluntary departure from the Immigration and Naturalization Service. On March 2, 1998, the Service denied the request but allowed the respondents until April 20, 1998, to depart the United States.

Thereafter, on April 7, 1998, the respondents filed a motion to reopen with the Immigration Judge for the purpose of applying for adjustment of status. On April 30, 1998, the Immigration Judge ruled that the respondents' motion to reopen was untimely because it was not filed within 90 days of their final administrative orders of deportation.

On May 13, 1998, the respondents filed the instant appeal, arguing that the Immigration Judge miscalculated the filing deadline for their motion to reopen. The respondents maintain that the date of their final administrative order was the date that their period of voluntary departure expired, after having been reset by the Service. The respondents therefore contend that their motion is timely because it was filed within 90 days of that date.[1]

The Service has not responded to the appeal.

## II. DISCUSSION

The specific issue in this case is whether the deadline for a motion to reopen before an Immigration Judge is calculated from the grant or from the expiration of the period of voluntary departure. Also at issue is precisely what governmental action constitutes a "final administrative order" for purposes of calculating motion deadlines. For the reasons set forth below, we find that the date that an Immigration Judge's order is entered fixes the deadline for filing a motion to reopen, and any decision by the Service in the course of executing that order does not affect the deadline.[2]

The respondents maintain that their motion was timely because it was filed within 90 days of the final administrative decision in their case, which they identify as the date that their period of voluntary departure ended. The respondents' argument implies that an order of deportation is not "final" until

---

[1] Although the respondents claim that their period of voluntary departure was extended, the only evidence they provide is a Notice of Action—Voluntary Departure (Form I-210) that expressly denied their extension request. At best, the notice appears to briefly reinstate their period of voluntary departure. However, because the situation is comparable for purposes of this decision, we will not take issue with the respondents' characterization of these events.

[2] We note that, because the methodology for calculating the motion to reconsider deadline is essentially identical (with variations not pertinent to the discussion here), our holding applies to motions to reconsider before the Immigration Judge as well. *See* 8 C.F.R. § 3.23(b)(1) (2000).

the period of voluntary departure expires and the Immigration Judge's alternate order of deportation is activated.

The motion regulations, however, clearly mark time according to the date that an order of deportation is issued, not the date that it goes into effect. Those regulations direct that a motion to reopen must be filed "within 90 days of the date of *entry* of a final administrative order of removal, deportation, or exclusion, or on or before September 30, 1996, whichever is later." 8 C.F.R. § 3.23(b)(1) (2000) (emphasis added). For aliens in deportation proceedings, orders of deportation are issued in the first instance by Immigration Judges. *See* 8 C.F.R. § 240.41 (2000). Although the regulations do not define the term "entry" vis-à-vis administrative orders, we find it reasonable to construe "entry" to refer to the date that a designated adjudicator renders a binding decision. Thus, in the respondents' case, the Immigration Judge entered an order of deportation on April 30, 1997.

The Immigration Judge granted the respondents voluntary departure with an alternate order of deportation. The regulations expressly provide that, for aliens in proceedings commencing prior to April 1, 1997,

> an order of deportation, including an alternate order of deportation coupled with an order of voluntary departure, made by the immigration judge in proceedings under 8 CFR part 240[3] shall become final upon dismissal of an appeal by the Board of Immigration Appeals, upon waiver of appeal, or upon expiration of the time allotted for an appeal when no appeal is taken.

8 C.F.R. § 241.31 (2000); *see also* section 101(a)(47) of the Act, 8 U.S.C. § 1101(a)(47) (Supp. V 1999) (stating that an order of deportation becomes final upon either a determination by the Board affirming the order below or the expiration of the time to appeal that order, whichever is earlier); Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 440(b), 110 Stat. 1214, 1277 (adding section 101(a)(47) of the Act under the heading "Final Order of Deportation Defined"). The respondents, who were granted voluntary departure with an alternate order of deportation, did not appeal that order. Thus, the Immigration Judge's order of April 30, 1997, fits squarely into the regulatory and statutory definition of a final order of deportation.

There are a number of events in the course of immigration proceedings that have been argued to be "final" for the purpose of calculating motion deadlines, especially where voluntary departure is involved: the issuance of the Immigration Judge's order, the execution of the order, the expiration of the time for appeal, the expiration of the time for voluntary departure, the grant of an extension or reinstatement of voluntary departure, and the expiration of

---

[3] Subpart E of part 240 applies to aliens in deportation proceedings that commenced prior to April 1, 1997.

that extension or reinstatement. However, only one of these events—the issuance of the Immigration Judge's order—matters for purposes of the motion deadlines set forth at 8 C.F.R. § 3.23.[4] Accordingly, both the expiration of voluntary departure and the grant of additional time for voluntary departure are inconsequential to the timely filing of a motion to reopen before the Immigration Judge.

## III. CONCLUSION

Because the Immigration Judge entered a final administrative order of deportation on April 30, 1997, we look to that date to calculate the respondents' 90-day deadline for filing a motion to reopen. The respondents' motion was therefore due on or before July 29, 1997. The respondents did not file their motion until April 7, 1998. Their motion was untimely and therefore properly denied by the Immigration Judge. Accordingly, the respondents' appeal will be dismissed.

ORDER: The appeal is dismissed.

---

[4] Because the respondents' motion was before the Immigration Judge, we do not address whether a similar conclusion would be drawn in the context of motions before the Board. *See* 8 C.F.R. § 3.2 (2000). We are constrained to note, however, that although the regulations for motions before the Board and motions before Immigration Judges are not identical, the language is markedly parallel and presumably operates in the same fashion.