United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 29, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60357
Summary Calendar
_____

HOLGER PATRICIO PACHECO-VASQUEZ,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A70 409 890
--------------------

Before Jolly, Dennis, and Clement, Circuit Judges.

PER CURIAM:[*]

     Holger Patricio Pacheco-Vasquez (Pacheco) seeks review of an
order of the Board of Immigration Appeals (BIA) that denied his
motion to reopen deportation proceedings.  In May 1990 an
Immigration Judge (IJ) determined that Pacheco was deportable.
In November 2005 Pacheco filed his third motion to reopen, after
his two prior motions to reopen were denied.  In the BIA ruling
that is at issue in the instant petition for review, the BIA
denied Pacheco's third motion to reopen as untimely and
numerically barred pursuant to 8 C.F.R. § 1003.2(c)(2).  Pacheco

--------------------

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues, inter alia, that the BIA erred when it determined that his motion to reopen was untimely and numerically barred.

Pacheco's third motion to reopen, filed in November 2005, was filed more than 15 years after his deportation order and almost a decade after September 30, 1996. His motion was therefore untimely. See § 1003.2(c)(2); Matter of Goolcharan, 23 I. & N. Dec. 5 (BIA 2001). Additionally, as Pacheco had previously filed two motions to reopen, his third motion to reopen was barred by the numerical limitation set forth in § 1003.2(c)(2), which permits only one motion to reopen.

The BIA did not abuse its discretion in denying Pacheco's motion to reopen. See Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000). As the BIA's ruling was not an abuse of discretion, this court need not consider Pacheco's remaining argument, which addresses the merits of whether he is entitled to adjustment of status. Pacheco's petition for review is DENIED.