**Alexandr POLYAKOV, Gulnara Polyakov, Alexandr Polyakov, Yelena Polyakova, Petitioners,**

v.

**U.S. ATTORNEY GENERAL, Respondent.**

Nos. 07–14034, 08–10166

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Oct. 21, 2008.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Appellant.

Lance L. Jolley, David V. Bernal, US–DOJ, OIL, Lauren Fascett, Washington, DC, for Appellee.

Before ANDERSON, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Alexandr and Gulnar Polyakov and their children ("the Polyakovs"), citizens of Kazakhstan, petition our Court to review the Board of Immigration Appeals ("BIA's") order dismissing their appeal of an order by the immigration judge ("IJ") denying their motion to reopen immigration proceedings, 8 U.S.C. § 1229a(c)(7) and 8 C.F.R. § 1003.23(b)(1), and the BIA's order denying their motion to reconsider the BIA's prior decision, 8 U.S.C. § 1229a(c)(6) and 8 C.F.R. § 1003.2(b). The Polyakovs argue that the BIA abused its discretion by dismissing their appeal of

the IJ's order denying their motion to reopen as untimely, and by denying their motion to reconsider, because they exercised due diligence in complying with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), for raising an ineffective assistance of counsel claim.

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." *Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir.2001). We review the BIA's denial of motions to reopen and for reconsideration for abuse of discretion. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir.2006) (motion to reopen); *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1340–41 (11th Cir.2003) (motion to reconsider). "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005) (quotation omitted).

A petitioner may file a motion to reopen proceedings before the immigration court if the motion states new facts that would be proven at a hearing and if those facts are supported by affidavits or other evidence. 8 U.S.C. § 1229a(c)(7)(A), (B); 8 C.F.R. § 1003.23(b)(3). "Motions to reopen are disfavored, especially in a removal proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Abdi*, 430 F.3d at 1149 (quotation omitted).

Subject to certain exceptions set forth in the statute and regulations, a "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.23(b)(1). An alternate order of removal in connection with a grant of voluntary departure becomes final "upon

overstay of the voluntary departure period except where the respondent has filed a timely appeal with the Board." 8 C.F.R. § 1241.1(f). For purposes of the filing deadlines for motions to reopen and reconsider, however, the BIA looks to the date of the IJ's order, not the expiration of voluntary departure. *In re Goolcharan*, 23 I. & N. Dec. 5, 8 (BIA 2001) (interpreting filing deadlines under previous 8 C.F.R. § 3.23, now located at 8 C.F.R. § 1003.23). The Polyakovs do not dispute that their motion was untimely or that it did not fall within any of the exceptions to the 90–day time for filing listed in the statute and regulations.

In *Anin v. Reno*, we considered a petitioner's motion to reopen an *in absentia* deportation order based on ineffective assistance of counsel, pursuant to INA § 242B(c)(3)(A), 8 U.S.C. § 1252b(c)(3)(A), which contained a 180–day filing deadline to contest deportation orders based on exceptional circumstances. 188 F.3d 1273, 1278 (11th Cir.1999). We concluded that the 180–day filing deadline was "jurisdictional and mandatory." *Id.* at 1278–79.

In *Abdi*, we addressed whether a petitioner's motion to reopen based on ineffective assistance of counsel, filed after the 90–day deadline in 8 C.F.R. § 1003.2(c)(2), could be equitably tolled. 430 F.3d at 1148–49. We concluded that the 90–day filing deadline is "mandatory and jurisdictional, and, therefore, it is not subject to equitable tolling." *Id.* at 1150. There, we concluded that the BIA did not abuse its discretion by denying the petitioner's motion to reopen. *Id.*

A motion to reconsider filed with the BIA must, *inter alia*, "specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C); *see also* 8 C.F.R. § 1003.2(b)(1).

■ Because the Polyakovs filed their motion to reopen after the 90–day period

for filing a motion to reopen had expired, the BIA did not abuse its discretion in dismissing their appeal of the denial of their motion to reopen. In addition, because the Polyakovs could not identify any errors of fact or law in the BIA's previous decision, the BIA did not abuse its discretion in denying the Polyakovs' motion to reconsider. Accordingly, we deny the petitions.

**PETITIONS DENIED.**[1]

---

1. The Polyakovs' motion to stay deportation is denied.