**CHAO GUAN SUN, Petitioner,**

**v.**

Alberto R. GONZALES,[1] United States Attorney General, Respondent.

No. 03–41128–ag.

United States Court of Appeals, Second Circuit.

Jan. 8, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent.

---

Thomas V. Massucci, New York, NY, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern, District of Illinois, Edmond E. Chang, Craig Oswald, Assistant United States Attorneys, Chicago, IL, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Chao Guan Sun, a native and citizen of China, has filed a petition for review of a November 28, 2003 order of the BIA denying his motion to reconsider its decision affirming, without opinion, an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chao Guan Sun,* No. A78 696 347 (B.I.A. Nov. 28, 2003). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of motions to reconsider under the abuse of discretion standard. *Zhong Guang Sun v. U.S. Dep't*

*of Justice,* 421 F.3d 105, 107 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001).

■ Sun's petition for review is timely only with respect to the denial of his motion to reconsider; accordingly, only the denial of his motion can be reviewed by this Court. When reviewing motions to reconsider, this Court is precluded from passing on the merits of the underlying claim for relief, and review must be confined to the denial of the petitioner's motion only. *Id.* at 90. Therefore, we are unable to reach Sun's arguments that the IJ erred in finding him not credible; we must consider only whether the BIA abused its discretion in denying Sun's motion for failing to present any new arguments that would materially affect his claims.

■ In his motion to reconsider, Sun argued that the IJ erred in rejecting his witness's testimony and relying on an inconsistency regarding his identification documents. Because Sun also raised these arguments in his appeal brief to the BIA, the BIA rejected them as previously considered. This is not an abuse of discretion. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006).

■ In addition, the BIA did not abuse its discretion in rejecting Sun's new arguments challenging findings of inconsistencies related to his testimony, his wife's abortion certificate, and his application, be-

cause he failed to raise them in his appeal brief. The BIA recently held that when an alien files a motion to reconsider the BIA's previous affirmance without opinion, the alien must demonstrate that he raised the arguments in the appeal brief and present new arguments as to why the BIA erred in rejecting them initially. *See Matter of O–S–G–*, 24 I. & N. Dec. 56, 59 (B.I.A.2006). Accordingly, the BIA did not err in rejecting these arguments on this ground. Moreover, because the IJ relied on other adverse credibility factors, and because the BIA had already affirmed that finding, the BIA did not abuse its discretion in finding that Sun's new arguments, even if accepted as true, were insufficient to overcome the overall negative credibility determination.

The petition for review is therefore DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).