**Maurice LUCCE, Petitioner,**

v.

**Michael B. MUKASEY, Attorney**

General[1], Respondent.

No. 07–0046–ag.

United States Court of Appeals,
Second Circuit.

March 10, 2008.

Maurice Lucce, pro se, Hartford, CT, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Nairi M. Simonian, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Maurice Lucce, a native and citizen of Haiti, seeks review of a December 8, 2006 order of the BIA denying his motion to reconsider. *In re Maurice Lucce*, No. A25 436 350 (B.I.A. Dec. 8, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As a preliminary matter, the government is correct that this Court must limit its review to the BIA's denial of Lucce's motion to reconsider because that is the only decision from which a timely petition for review was filed. 8 U.S.C. § 1252(b)(1); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir.2001); *Paul v. Gonzales*, 444 F.3d 148, 153 (2d Cir.2006) ("[W]here an asylum applicant does not file a timely appeal disputing the BIA's affirmance of the IJ's credibility rul-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

ing, a motion to reopen does not provide a collateral route by which the alien may challenge the validity of the original credibility determination").

A motion to reconsider "is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *In re Cerna,* 20 I. & N. Dec. 399, 402 n. 2 (B.I.A.1991) (internal quotation marks omitted). The regulations provide that a motion to reconsider must specify errors of fact or law in the BIA's decision and be supported with pertinent authority. *See* 8 C.F.R. § 1003.2(b)(1). We review the denial of a motion to to reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006).

■ As an initial matter, we grant the government's motion to strike the additional documentation that Lucce submitted to this Court. This evidence is outside the administrative record and we therefore may not consider it in evaluating the merits of Lucce's petition. *See* 8 U.S.C. § 1252(b)(4). Furthermore, we will not remand a case to the BIA for the specific purpose of considering additional documentary evidence if that evidence was not in the record before the BIA and agency regulations set forth procedures to reopen proceedings for the consideration of such evidence. *Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 269–70 (2d Cir.2007). The additional documentation Lucce has submitted to this Court was not in the record before the BIA because Lucce allegedly did not come into possession of the documents until October 2007, long after the BIA denied his motion to reconsider. Under these circumstances, the proper vehicle for a request to consider the new evidence is a motion to reopen filed directly with the BIA, not a petition for review in this Court. *See id.;* 8 C.F.R. § 1003.2(c).

■ Moreover, we conclude that the BIA did not abuse its discretion in denying Lucce's motion to reconsider. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). Lucce's motion to reconsider largely repeated or elaborated on arguments that he had previously raised on direct appeal to the BIA. *See Jin Ming Liu,* 439 F.3d at 111. As such, the BIA did not err in denying it. *See id.* (finding that the BIA does not abuse its discretion in denying a motion to reconsider that merely repeats arguments the BIA rejected on appeal). To the extent that Lucce raised new arguments in his motion to reconsider, those arguments could, and should, have been raised in his appeal brief, and a "motion to reconsider based on a legal argument that could have been raised earlier in the proceedings will be denied." *Matter of O–S–G–,* 24 I. & N. Dec. 56, 58 (B.I.A 2006). Accordingly, Lucce's petition for review of the BIA's denial of his motion to reconsider is denied.

For the foregoing reasons, the petition for review is DENIED and the government's motion to strike is GRANTED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).