07-5692-ag
Hafeez v. Holder

BIA
A097 515 475
A097 515 474

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of January, two thousand ten.

PRESENT:
>        DENNIS JACOBS,
>               *Chief Judge,*
>        PIERRE N. LEVAL,
>        PETER W. HALL,
>               *Circuit Judges.*

_____

MUMTAZ HAFEEZ, SAMIA CHAUDHRY,
>        *Petitioners,*

>        v.                                    07-5692-ag
>                                              NAC

ERIC H. HOLDER JR.,[1] UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONERS:**   *Pro Se*

**FOR RESPONDENT:**   **Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, Michelle Gorden Latour, Assistant Director, Jessica E. Sherman, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Mumtaz Hafeez, a native and citizen of Pakistan, and her daughter, Samia Chaudhry, a native of Saudia Arabia and a citizen of Pakistan, seek review of a November 26, 2007 order of the BIA denying their motion to reconsider. *In re Mumtaz Hafeez, Samia Chaudhry*, Nos. A097 515 475/474 (B.I.A. Nov. 26, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, Petitioners argue that the agency erred by denying their motion to reopen. However, we may not review their challenge to the agency's denial of their motion to reopen, because only the BIA's denial of their motion to reconsider is properly before us. *See* 8 U.S.C. § 1252(b)(1); *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 90 (2d Cir. 2001).

2

A motion to reconsider must be filed with the BIA within 30 days after the mailing of the BIA decision being challenged. 8 U.S.C. § 1229a(a)(c)(6); 8 C.F.R. § 1003.2(b)(2). There is no exception to the filing deadline for such motions. *Matter of J-J-,* 21 I.&N. Dec. 976, 978 (B.I.A. 1997). We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir. 2006). The agency's regulations provide that a motion to reconsider must specify errors of fact or law in the BIA's decision. *See* 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao*, 265 F.3d at 93.

The BIA did not abuse its discretion in denying Petitioners' motion to reconsider. *See* 8 C.F.R. § 1003.2(b)(2). The BIA denied Petitioners' motion to reopen on May 23, 2007, and they did not file their motion to reconsider until June 25, 2007. Petitioners argue that their motion was timely because it was mailed on Saturday, June 23, 2007; however the last day Petitioners could have timely filed their motion was Friday, June 22, 2007. Moreover, their argument concerning equitable tolling fails because they never contended that they received ineffective assistance in filing their motion to reconsider. *See* 8 C.F.R. § 1003.2(b)(2); *Matter of J-J-,* 21 I.&N. Dec. at 978.

3

In any event, the BIA reasonably denied Petitioners' motion to reconsider based on their failure to specify errors of fact or law in the agency's prior decision. *See* 8 C.F.R. § 1003.2(b)(1). Petitioners essentially repeated the same arguments that they made in their motion to reopen. *See Jin Ming Liu*, 439 F.3d at 111. To the extent the motion included new arguments, Petitioners could have raised these arguments on appeal to the BIA but neglected to do so. A "motion to reconsider based on a legal argument that could have been raised earlier in the proceedings will be denied." *Matter of O-S-G-*, 24 I. & N. Dec. 56, 58 (B.I.A 2006). Accordingly, the BIA did not abuse its discretion in denying Petitioners' motion to reconsider. *See Jin Ming Liu*, 439 F.3d at 111.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4