Pllumbaj v. Holder

BIA
A095 150 229
A095 150 230
A095 150 231
A095 150 232

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7ᵗʰ day of May, two thousand ten.

PRESENT:
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> > *Circuit Judges*.

────────────────────────────────────

FRAN ZEF PLLUMBAJ, ANITA PLLUMBAJ,
ALMARINA PLLUMBAJ, ALDO PLLUMBAJ,
> *Petitioners*,

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL, ET. AL.,
> *Respondents*.

────────────────────────────────────

09-1732-ag

NAC

FOR PETITIONERS: Andrew P. Johnson; Lawrence Spivak, New York, New York.

FOR RESPONDENTS: Tony West, Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Tracie N. Jones,

**Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

The Petitioners, Fran Zef Pllumbaj, Anita Pllumbaj, Almarina Pllumbaj, and Aldo Pllumbaj, natives and citizens of Albania, seek review of an April 17, 2009, order of the BIA denying their motion to reopen their removal proceedings. *In re Pllumbaj*, No. A 095 150 229/230/231/232 (B.I.A. Apr. 17, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien may only file one motion to reopen and must do

so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). It is indisputable that the Petitioners' motion to reopen was untimely and number-barred. These limitations do not apply, however, if the alien establishes materially changed circumstances arising in the country of nationality. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

In denying the Petitioners' motion to reopen, the BIA concluded that, even assuming they demonstrated changed country conditions, reopening was unwarranted because they failed to establish "that any of the harm [they] experienced was on account of a protected ground, as opposed to criminal activity." In other words, the BIA found that the Petitioners had failed to establish their *prima facie* eligibility for relief. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988). We find the Petitioners' assertion that a threat issued against Fran's brother by the police in an unrelated matter five years after their mother's death was insufficient to compel the conclusion that she was killed for political reasons. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot

3

be clearly erroneous."). Evidence of Almarina's rape, though distressing, similarly does not suggest error in the BIA's decision.

The Petitioners further assert that they established the requisite nexus because they demonstrated that they were persecuted on account of their membership in a particular social group comprised of "[family members] of a soldier who opposed official abuse of civilians." However, the BIA was under no obligation to consider this newly-minted legal theory in adjudicating an untimely motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Matter of O-S-G-*, 24 I. & N. Dec. 56, 58 (BIA 2006) ("A motion to reconsider based on a legal argument that could have been raised earlier in the proceedings will be denied.").

Although the Petitioners alternatively challenge the Immigration Judge's initial determination that they failed to establish a nexus between the incidents they described and a protected ground, we are "precluded from passing on the merits of the underlying [removal] proceedings" in considering the BIA's denial of the Petitioners' motion to reopen. *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001).

4

Finally, although the Petitioners argue that the BIA erred by failing to address whether they are eligible for humanitarian asylum, such relief would only have been available had the the BIA reopened their proceedings. *See* 8 C.F.R. §§ 1003.2(c)(1); 1208.13(b)(1)(iii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5