[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 13-12791; 13-14411
Non-Argument Calendar

————————————————

Agency No. A201-214-116

YUSONG CUI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

————————————————

Petitions for Review of a Decision of the
Board of Immigration Appeals

————————————————

(May 9, 2014)

Before CARNES, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Yusong Cui, a Chinese national, petitions for review of the Board of Immigration Appeals' final order affirming the Immigration Judge's finding that he is removable under 8 U.S.C. § 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I). He also petitions for review of the BIA's denial of his motion to reconsider that final order.[1]

## I.

In March 2010 a Florida state court convicted Cui of petit theft, resisting an officer without violence, and carrying a concealed firearm. Those convictions brought Cui to the attention of the Department of Homeland Security, which ran his fingerprints through a national database and found that he had not been "admitted, inspected, or paroled" in the United States. The DHS documented that finding in a Form I-213 Record of Deportable/Inadmissible Alien and charged Cui as removable because he had entered the country at an unknown place and time without being inspected or admitted, in violation of 8 U.S.C. § 1182(a)(6)(A)(i), and because he lacked a valid travel or entry document, in violation of 8 U.S.C. § 1182(a)(7)(A)(i)(I).

At a hearing before the IJ, Cui conceded his alienage but contested his removability, alleging that he had been properly inspected and admitted at the Los Angeles International Airport in May 1998. To support that allegation, he offered

---

[1] Cui filed two separate petitions which are consolidated here.

2

only testimony — his own and that of two acquaintances.  He presented no passport, no visa, no I-94 Arrival/Departure Form, no airline tickets, or any other documentation.  Cui testified that his mother had made all of his travel arrangements, and that she had paid a man named Jang $10,000 to get a visa for him.  He said Jang flew with him to the airport in Los Angeles in May 1998, after which Jang walked him through the immigration inspection and dealt with the immigration officials on his behalf.  Cui testified that once he had passed through the inspection Jang took his passport and other immigration documents and left.  Cui's first acquaintance then testified that he had picked up Cui from the airport in May 1998, and the second testified that he did not know when Cui arrived but had heard that it was in May 1998.

The IJ found that Cui was removable because he had not shown that he had been inspected and admitted into the United States.  The IJ noted that Cui had no documentation to substantiate his story and found that his testimony was not credible and that the testimony of his acquaintances merited little weight.  The IJ also found that the Form I-213 showing that there was no record of Cui's inspection or admission was inherently trustworthy and admissible because Cui had neither objected to its admission as evidence nor offered other documentary evidence suggesting it was inaccurate.  The BIA affirmed.  Cui asked the BIA to reconsider its final order, and the BIA denied his motion because he had failed to

identify any material error of fact or law in its prior decision. Cui now petitions for review of the BIA's final order and its denial of his motion to reconsider.

## II.

We review only the BIA's final order except to the extent that the BIA expressly adopted the IJ's decision or findings. See Wu v. U.S. Att'y Gen., 712 F.3d 486, 492 (11th Cir. 2013). In this context, we review factual determinations "under the highly deferential substantial evidence test," and "we must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (quotation marks omitted). To reverse the IJ and BIA's factfindings, we must find that the record not only supports reversal, but that it compels it. See Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1230 (11th Cir. 2007).

Cui was charged as removable based on inadmissibility under 8 U.S.C. § 1182, and when that is the charge, the BIA uses a burden-shifting test to determine removability. See 8 C.F.R. § 1240.8(c). DHS bears the initial burden of proving alienage, after which the alien bears the burden of proving that he was inspected and admitted into the United States.[2] See id.; 8 U.S.C. § 1229a(c)(2)(B); see also Garces v. U.S. Att'y Gen., 611 F.3d 1337, 1345–46 (11th Cir. 2010). Cui conceded his alienage before the IJ, so we must determine only whether the record

---

[2] An alien may contest his inadmissibility under 8 U.S.C. § 1182 on other grounds, but this is the only ground at issue here.

4

compels the conclusion that he was previously inspected and admitted into the United States. The record does not compel that conclusion.

First, Cui did not prove that he had been inspected or admitted. He failed to present a single document to support his claim. The IJ found that his testimony was not credible, a finding we must defer to because it is supported by substantial evidence in the record. See D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004) ("Credibility determinations . . . are reviewed under the substantial evidence test."). And the IJ found that the testimony of his two acquaintances merited little weight, another finding supported by substantial evidence in the record. Second, the Form I-213 also shows that Cui was never inspected or admitted to the United States. That form is considered to be inherently trustworthy, and Cui did not challenge its admission or accuracy. See Gutierrez-Berdin v. Holder, 618 F.3d 647, 653 (7th Cir. 2010) (holding that "Form I-213 is a presumptively reliable administrative document" that is "inherently trustworthy" when its accuracy is not challenged). Because the record does not compel the conclusion that Cui was inspected and admitted into the United States, we must deny his petition for review of the BIA's final order.

### III.

"We review the BIA's denial of a motion to reconsider for abuse of discretion." Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1328 (11th Cir. 2007)

5

(quotation marks omitted).  A motion asking the BIA to reconsider its decision must specify the errors of law or fact in the original decision.  See id. at 1329 (citing 8 C.F.R. § 1003.2(b)(1)).  A motion that merely reiterates earlier arguments fails to specify those kinds of legal or factual errors.  Id.  Because Cui's motion to reconsider merely reiterated arguments already presented, the BIA did not abuse its discretion in denying that motion.  And to the extent that Cui based his motion to reconsider on new legal arguments that could have been raised in the underlying proceedings, the BIA also properly denied his motion.  See Matter of O-S-G-, 24 I. & N. Dec. 56, 58 (BIA 2006).

**PETITIONS DENIED.**