**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-3527

_____

ODALIS ZULEYMA SANDOVAL-ALONZO;
*B. N. C-S,

Petitioners

v.

ATTORNEY GENERAL
UNITED STATES OF AMERICA,

Respondent

**\*** (Amended per Clerk's Order of 2/14/18)

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A208-168-313 & A208-168-314)
Immigration Judge: Eva S. Saltzman

_____

Submitted under Third Circuit LAR 34.1(a)
on July 12, 2018

Before: SHWARTZ, ROTH and RENDELL, <u>Circuit Judges</u>

(Opinion filed:  May 21, 2019)

_____

OPINION *

_____

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

ROTH, <u>Circuit Judge</u>.

Odalis Zuleyma Sandoval-Alonzo and her minor son B. N. C-S. petition for review of a Board of Immigration Appeals (BIA) order denying their motion to reconsider the denial of their application for asylum and withholding of removal. We will deny the petition for review.

I.

Sandoval and her son are natives and citizens of Guatemala. They fled Guatemala in April 2015, several months after Sandoval's boyfriend, who was the father of her son, was killed by gang members seeking to extort him. In May 2015, after illegally entering the United States, Sandoval and her son were apprehended near the southern border by immigration officers. Having entered the country without inspection or parole, they were served with notices to appear and placed in removal proceedings.[1] On November 10, 2015, they appeared before an immigration judge (IJ) and conceded inadmissibility. That same day, Sandoval filed an application for asylum and withholding of removal on her own behalf and on behalf of her son.

In October 2016, the IJ held a hearing on the application. At the hearing, Sandoval credibly testified that, *inter alia*, she was afraid of returning to Guatemala because she believed she would be killed or extorted by the unidentified gang members who killed her son's father for refusing their extortionate demands. To further

---

[1] The notices charged them with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i). They were eventually released on their own recognizance after reporting to a Department of Homeland Security field office in Trenton, New Jersey.

2

substantiate her claim, Sandoval submitted documentary evidence, including country conditions reports and related newspaper articles. After the hearing, the IJ issued a decision denying their application for relief in its entirety. The IJ reasoned that Sandoval had failed to establish (i) an objectively reasonable fear of persecution, and (ii) a nexus between her fear of persecution and her membership in a "particular social group," *i.e.*, the family of individuals targeted for extortion by gangs. The IJ also rejected relief to the extent that Sandoval claimed to fear return to Guatemala because criminals in her home country might perceive her to be wealthy.

Sandoval appealed to the BIA. On April 19, 2017, the BIA affirmed the IJ's decision. Adopting much of the IJ's reasoning, the BIA concluded that Sandoval had not met her burden of demonstrating that her subjective fear of harm is objectively reasonable; nor had she established a nexus between any fear and a protected ground.[2]

Sandoval filed a motion to reconsider with the BIA in May 2017. In October 2017, the BIA denied the motion, concluding that Sandoval and her son had failed to satisfy the standard for reconsideration. They now appeal the denial of their motion to reconsider.[3]

II.[4]

---

[2] A.R. 43-45.

[3] Because Sandoval and her son did not file a petition for review of the BIA's initial decision, they concede that we lack jurisdiction to consider any alleged errors in the IJ's decision or the initial decision of the BIA. As a result, this appeal is limited to the BIA's order denying the motion to reconsider.

[4] The BIA had jurisdiction over the motion to reconsider under 8 C.F.R. § 1003.2(b). We have jurisdiction under 8 U.S.C. § 1252(a)(1). *See Castro v. Att'y Gen.*, 671 F.3d 356, 364 (3d Cir. 2012).

According to the BIA, "[a] motion to reconsider is a 'request that the [BIA] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked.'"[5] "We review a BIA denial of a motion to reconsider for abuse of discretion."[6] The BIA abuses its discretion by "act[ing] in a manner that is 'arbitrary, irrational, or contrary to the law.'"[7]

Sandoval and her son contend that, when denying their motion to reconsider, the BIA abused its discretion in two ways.

First, they argue that the BIA failed to address their argument that the IJ applied the wrong legal standard in assessing whether they were members of a "particular social group."[8] Sandoval and her son believe that the IJ and BIA improperly ignored our precedent in *Valdiviezo-Galdamez v. Attorney General*[9] when it applied the "social distinction" standard announced by the BIA in *Matter of M-E-V-G*.[10] But this argument is predicated on a misunderstanding of the BIA's rationale for affirming the IJ's decision. The BIA's decision did not hinge on the applicability of allegedly competing standards for discerning membership in a particular social group. Rather, the BIA assumed that family members of individuals targeted for extortion by gangs could constitute a

[5] *In re O-S-G*, 24 I. & N. Dec. 56, 57 (BIA 2006) (quoting *Matter of Ramos*, 23 I. & N. Dec. 336, 338 (BIA 2002)); *see* 8 C.F.R. § 1003.2(b).

[6] *Castro*, 671 F.3d at 364; *Pllumi v. Att'y Gen.*, 642 F.3d 155, 158 (3d Cir. 2011).

[7] *Castro*, 671 F.3d at 365 (quoting *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004)).

[8] *See S.E.R.L. v. Att'y Gen.*, 894 F.3d 535, 544 (3d Cir. 2018) (explaining that a removable alien can establish eligibility for asylum by showing, *inter alia*, "a well-founded fear of persecution on account of . . . membership in a particular social group" (quoting 8 U.S.C. § 1101(a)(42)(A))); *see also* 8 U.S.C. § 1158(b)(1)(A).

[9] 663 F.3d 582, 594 (3d Cir. 2011); *see Matter of Acosta*, 19 I. & N. Dec. 211 (BIA 1985).

[10] 26 I.&N. Dec. 227 (BIA 2014)

4

particular social group but nonetheless denied relief because Sandoval and her son failed to establish (i) an objectively reasonable fear of future persecution, or (ii) a nexus between the proposed social group and their subjective fear of future persecution.[11] Neither rationale was questioned in the motion to reconsider; nor are they challenged on appeal.

Second, Sandoval and her son argue that the BIA abused its discretion by refusing to consider their contention that they were entitled to relief under *Cruz v. Sessions*,[12] a decision issued by the Fourth Circuit after the IJ's initial ruling. However, the BIA explicitly addressed the Fourth Circuit's *Cruz* decision when denying the motion to reconsider, explaining that the out-of-circuit decision is "not controlling" and is "factually distinguishable."[13] Although Sandoval and her son complain that this reasoning is too cursory, that alone does not amount to an abuse of discretion, especially because they have not shown that the BIA's description of *Cruz* was in any way "arbitrary, irrational, or contrary to the law."[14]

In sum, Sandoval and her son have not established that the BIA abused its discretion by denying their motion to reconsider.

## III.

For the above reasons, we will deny the petition for review.

---

[11] A.R. 43.
[12] 853 F.3d 122 (4th Cir. 2017).
[13] A.R. 3.
[14] *See Castro*, 671 F.3d at 365.

5