Garcia-Henriquez v. Garland

BIA
A212 981 797/798

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of August, two thousand twenty-two.

PRESENT:
JON O. NEWMAN,
JOSEPH F. BIANCO,
MYRNA PÉREZ,
_Circuit Judges._

_____

TANIA IVETTE GARCIA-HENRIQUEZ,
J. S., L.-G.,
_Petitioners,*_

v.

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
_Respondent._

_____

20-1085
NAC

FOR PETITIONERS:        Jennifer Oltarsh, New York, NY.

FOR RESPONDENT:         Brian Boynton, Acting Assistant

---

* The Clerk of the Court is respectfully directed to amend the caption as set forth above.

Attorney General; Kohsei Ugumori, Senior Litigation Counsel; Nehal H. Kamani, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Tania Ivette Garcia-Henriquez and her minor son, J.S. L.-G., natives and citizens of El Salvador, seek review of a March 3, 2020, decision of the BIA denying their motion to reconsider the BIA's prior order denying reopening. *In re Tania Ivette Garcia-Henriquez, J.S. L.-G.,* Nos. A 212 981 797/798 (B.I.A. Mar. 3, 2020).[1]

We assume the parties' familiarity with the underlying facts and procedural history.

We review the denial of a motion for reconsideration for abuse of discretion. *Jin Ming Liu v. Gonzales*, 439 F.3d 109,

---

[1] Our review is limited to the BIA's March 2020 decision denying the motion for reconsideration because petitioners did not petition for review of any prior decisions. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006).

111 (2d Cir. 2006). "An abuse of discretion may be found . . . where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted). A motion to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C).

The BIA did not abuse its discretion in denying reconsideration because it correctly found that the petitioners did not identify any error of fact or law in its prior decision. 8 U.S.C. § 1229a(c)(6)(C). The BIA's prior decision denied reopening because the petitioners had not demonstrated prima facie eligibility for adjustment of status, given that they had unlawfully entered the United States. The petitioners' motion for reconsideration corrected an error of fact by noting, as indicated in their initial appeal to the BIA, that they would seek consular

3

processing and not adjustment of status.  However, this error was immaterial because their unlawful entry made them inadmissible and thus not prima facie eligible for permanent residence, regardless of whether they sought that status through adjustment or consular processing.  *See* 8 U.S.C. §§ 1182(a), (a)(7)(A)(i)(I) (providing that, unless granted a waiver, "aliens who are inadmissible . . . are ineligible to receive visas and ineligible to be admitted to the United States" and that those who enter unlawfully are inadmissible), 1255(a) (requiring admission or parole for adjustment of status).

The petitioners' motion for reconsideration also informed the BIA for the first time that they would seek unlawful presence waivers, and requested reopening and remand for the removal proceedings to be administratively closed for that purpose.  The BIA did not abuse its discretion in denying reconsideration based on this new information because it was not mentioned in the underlying motion to reopen.  *See Jin Ming Liu*, 439 F.3d at 111 ("A motion for reconsideration is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an

4

argument or aspect of the case which was overlooked." (quotation marks omitted)); *In re O-S-G-*, 24 I. & N. Dec. 56, 58 (B.I.A. 2006) (discussing the proper scope of "additional legal arguments" for reconsideration, and stating that "[a] motion to reconsider based on a legal argument that could have been raised earlier in the proceedings will be denied.").

We do not address the petitioners' challenges to the former Attorney General's decision in *Matter of Castro-Tum*, 27 I. & N. Dec. 271 (A.G. 2018), which has since been vacated,[2] because the BIA did not deny reconsideration based on *Castro-Tum* or reach the arguments concerning the validity of that decision. The BIA did not determine that the petitioners *could not* obtain administrative closure; rather, it denied reconsideration because that request was not made in the motion to reopen. Accordingly, the petitioners' arguments here are unrelated to the reasons for the BIA's denial of reconsideration.

For the foregoing reasons, the petition for review is

---

[2] *See Matter of Cruz-Valdez*, 28 I. & N. Dec. 326, 329 (A.G. 2021).

5

DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6