Omoju v. Garland

BIA
A206 270 102

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of November, two thousand twenty-two.

PRESENT:
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

ADENIKE BOLA OMOJU,
> *Petitioner*,

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

20-2134
NAC

| | |
|---|---|
| **FOR PETITIONER:** | Raymond Lo, Esq., Jersey City, NJ. |
| **FOR RESPONDENT:** | Brian Boynton, Acting Assistant Attorney General; John S. Hogan, Assistant Director; Kiley Kane, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Adenike Bola Omoju, a native and citizen of Nigeria, seeks review of a June 11, 2020, decision of the BIA denying her second motion to reconsider and reopen. *In re Adenike Bola Omoju,* No. A 206 270 102 (B.I.A. June 11, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). "An abuse of discretion may be found . . . where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted). An abuse of discretion

may be found if the BIA "has misunderstood or misapplied the governing law." *Abu Hasirah v. Dep't of Homeland Sec.,* 478 F.3d 474, 477 (2d Cir. 2007). The agency did not abuse its discretion in denying Omoju's second motion to reconsider and reopen.

**I.    Motion to Reconsider**

A motion to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C); *see also* 8 C.F.R. § 1003.2(b)(1). "A motion to reconsider is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked . . . ." *Matter of Cerna*, 20 I. & N. Dec. 399, 402 n.2 (B.I.A. 1991) (quotation marks omitted). A motion to reconsider asks the BIA to "take[] itself back in time and look[] at the case . . . as it existed at the time of the original decision." *Ke Zhen Zhao*, 265 F.3d at 90. A motion to reconsider is not a vehicle to raise arguments that could have been presented earlier. *See In re O-S-G-*, 24 I. & N. Dec. 56, 59-60 (B.I.A. 2006). An "alien may file one motion to reconsider,"

8 U.S.C. § 1229a(c)(6)(A), and "may not seek reconsideration of a decision denying a previous motion to reconsider," 8 C.F.R. § 1003.2(b)(2).

The BIA did not abuse its discretion by denying Omoju's second motion to reconsider. The motion was number barred and improperly sought reconsideration of an order denying reconsideration. *See* 8 U.S.C. § 1229a(c)(6)(A); 8 C.F.R. § 1003.2(b)(2). Further, Omoju did not specify errors of fact or law in the BIA's dismissal of her appeal, but instead repeated the ineffective assistance arguments raised in the prior motion to reconsider. Because that ineffective assistance claim was not raised on direct appeal, it was not a proper ground for reconsideration. *See In re O-S-G-*, 24 I. & N. Dec. at 59–60.

To the extent Omoju moved for reconsideration of the BIA's denial of her first motion to reopen, she did not identify error in the BIA's denial of that motion. The BIA denied the first request to reopen because the evidence supporting the ineffective assistance claim could have been presented on direct appeal. Omoju's second motion did not address that ruling other than to say she did not think that

4

the complaint she filed against her attorney would impact her appeal. She did not dispute that she could have presented the issue on direct appeal.

**II.  Motion to Reopen**

An alien may file one motion to reopen, and it "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material."  8 U.S.C. § 1229a(c)(7)(B); *see also* 8 C.F.R. § 1003.2(c)(1), (2).  "A motion to reopen . . . shall not be granted . . . unless the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."  8 C.F.R. § 1003.2(c)(1).

The BIA denied Omoju's second motion to reopen because she did not show that the new evidence she offered—her brother's affidavit and identity documents—was previously unavailable or that it would alter the outcome of her case. The BIA did not abuse its discretion because Omoju did not explain why her brother's documents were not previously available or why it took her six years from her merits hearing to obtain them given she was in regular contact with him.

5

She did not show how this corroboration would have changed the outcome because the agency determined that she failed to establish past persecution or a nexus to a protected ground and her brother's affidavit did not mention any protected ground.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6