NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FEB 9 2024

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICARDO VILLA-GASTELUM,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.   19-72945<br>        20-71547<br><br>Agency No. A030-422-729<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2024**
Phoenix, Arizona

Before:  BERZON, HURWITZ, and JOHNSTONE, Circuit Judges.

Ricardo Villa-Gastelum, a native and citizen of Mexico, petitions for review

of two decisions from the Board of Immigration Appeals ("BIA"). First, Villa-

Gastelum challenges the BIA's dismissal of his appeal of the decision of an

Immigration Judge ("IJ") denying his motion to reopen his removal proceedings

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

after he was ordered deported in absentia. Second, Villa-Gastelum challenges the BIA's denial of his motion to reconsider its decision denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. "We review BIA rulings on motions to reopen and reconsider for abuse of discretion and reverse only if the Board acted arbitrarily, irrationally, or contrary to law." *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We "review purely legal questions de novo." *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We deny the petitions.

1. The BIA neither abused its discretion nor engaged in impermissible fact-finding in denying Villa-Gastelum's late-filed motion to reopen. An in absentia deportation order may be rescinded if (1) a motion to reopen is "filed within 180 days after the date of the order of deportation" and (2) the petitioner "demonstrates that the failure to appear was because of exceptional circumstances." 8 U.S.C. § 1252b(c)(3)(A) (1994) (repealed 1996). The BIA "draw[s] its own legal conclusions" about exceptional circumstances "from the evidence presented." *Celis-Castellano v. Ashcroft*, 298 F.3d 888, 892 (9th Cir. 2002). Villa-Gastelum's motion was more than 20 years untimely. The BIA accepted Villa-Gastelum's factual assertions but reasonably concluded that he failed to establish that exceptional circumstances prevented him from appearing at his 1994 hearing. Thus, even assuming that the time to file the motion was equitably tolled, Villa-Gastelum was ineligible for relief.

2. Villa-Gastelum argues he was denied due process because the 1994 in absentia order informed him he only had 10 days to appeal, which he claims was too short a period in which to pursue his claim. Petitioners "are denied due process where they are not given adequate notice of procedures and standards that will be applied to their claims for relief." *Husyev v. Mukasey*, 528 F.3d 1172, 1182 (9th Cir. 2008). However, Villa-Gastelum conceded he received notice of the 180-day deadline for motions to reopen, and was represented by counsel at the time, but yet waited over 20 years to pursue his claim. He was not denied due process. *See id.* at 1182 (holding that petitioner's right to due process was not violated where he "undisputably had adequate notice" of a deadline and waited five months after "the reasonable presumptive deadline to file").

3. This Court lacks jurisdiction to review the BIA's discretionary decision not to invoke its *sua sponte* authority to reopen a case except "for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Perez-Camacho v. Garland*, 54 F.4th 597, 606 (9th Cir. 2022) (quoting *Bonilla*, 840 F.3d at 588). In his motion for reconsideration, Villa-Gastelum alleged no legal or constitutional errors in the BIA's decision not to invoke *sua sponte* reopening, and therefore failed to exhaust the issue. *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020). Even assuming exhaustion, *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004), Villa-Gastelum still asserts no legal or constitutional

3

error and the BIA properly exercised its discretion to deny *sua sponte* reopening.

4. The BIA did not abuse its discretion in denying Villa-Gastelum's motion to reconsider. Villa-Gastelum did not identify any factual or legal errors in the BIA's initial decision, as required for a motion to reconsider. *See* 8 C.F.R. § 1003.2(b)(1). Instead, he merely offered new evidence for his 1994 absence. *See In re O-S-G-*, 24 I. & N. Dec. 56, 57–58 (BIA 2006). Even construed as a motion to reopen, Villa-Gastelum's motion would be number-barred and did not present information that was previously unavailable. *See* 8 C.F.R. § 1003.2(c)(1)–(2).

**PETITIONS DENIED.**