# In re O-S-G-, Respondent

*Decided December 6, 2006*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A motion to reconsider a decision of the Board of Immigration Appeals must include the following: (1) an allegation of material factual or legal errors in the prior decision that is supported by pertinent authority; (2) in the case of an affirmance without opinion ("AWO"), a showing that the alleged errors and legal arguments were previously raised on appeal and a statement explaining how the Board erred in affirming the Immigration Judge's decision under the AWO regulations; and (3) if there has been a change in law, a reference to the relevant statute, regulation, or precedent and an explanation of how the outcome of the Board's decision is materially affected by the change.

FOR RESPONDENT: Brad Alexander, Esquire, Miami, Florida

BEFORE: Board Panel: OSUNA, Acting Chairman; HOLMES and FILPPU, Board Members.

OSUNA, Acting Chairman:

Pursuant to 8 C.F.R. § 1003.2(b) (2006), the respondent has filed a timely motion to reconsider our decision dated June 13, 2006, in which a Board Member summarily affirmed the decision of the Immigration Judge. In his motion to reconsider, the respondent restates in general terms his prior arguments and asserts for the first time that he will be persecuted on account of his membership in a particular social group. This latter claim was not raised in his Application for Asylum and for Withholding of Removal (Form I-589), at the hearing before the Immigration Judge, or in his brief on appeal. The respondent does not allege any factual or legal error in our prior order under the summary affirmance regulations. Nor does he refer to new legal authority that materially affects his case. The motion to reconsider will therefore be denied.

## I. MOTIONS TO RECONSIDER

By statute and regulation, a motion to reconsider must state the reasons for the motion by specifying the errors of fact or law in a prior Board decision, and it must be supported by pertinent authority. Section 240(c)(6)(C) of the

Immigration and Nationality Act, 8 U.S.C.A. § 1229a(c)(6)(C) (West 2005);[1] 8 C.F.R. § 1003.2(b)(1).[2] Only one motion to reconsider any given decision may be submitted, and it must be filed within 30 days after the mailing of the Board's decision. 8 C.F.R. § 1003.2(b)(2). In removal proceedings an alien may file only one motion to reconsider a decision that the alien is removable from the United States, and the motion must be filed within 30 days of the entry of a final administrative order of removal. Sections 240(c)(6)(A), (B) of the Act; 8 C.F.R. § 1003.2(b)(2).[3] A party may not file a motion to reconsider a previously denied motion to reconsider. 8 C.F.R. § 1003.2(b)(2). A motion to reconsider is also barred if it is filed solely to challenge a decision to affirm without opinion by a single Board Member, or to adjudicate the case without a panel of three Board Members. 8 C.F.R. § 1003.2(b)(3). However, we still retain authority at any time to reconsider on our own motion any case in which we have rendered a decision. 8 C.F.R. § 1003.2(a). In addition, we have authority to deny a motion to reconsider as a matter of discretion. *Id.*

    A motion to reconsider is a "'request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked.'" *Matter of Ramos*, 23 I&N Dec. 336, 338 (BIA 2002) (quoting *Matter of Cerna*, 20 I&N Dec. 399, 402 n.2 (BIA 1991)). A motion to reconsider challenges the Board's original decision and alleges that it is defective in some regard. *Matter of Cerna*, *supra*, at 402. A motion to reconsider contests the correctness of the original decision based on the previous factual record, as opposed to a motion

---

[1] The statutory provisions regarding motions to reopen and reconsider were previously found at sections 240(c)(5) and (6) of the Act, 8 U.S.C. §§ 1229a(c)(5) and (6) (2000). However, those sections were recently redesignated as sections 240(c)(6) and (7) of the Act by section 101(d)(1) of the REAL ID Act of 2005, Division B of Pub. L. No. 109-13, 110 Stat. 302, 304.

[2] Although the Attorney General's authority to entertain motions in removal proceedings is now authorized by statute, prior to 1996 the authority to consider motions derived solely by regulation. *See* sections 240(c)(6) and (7) of the Act; *INS v. Jong Ha Wang*, 450 U.S. 139, 140-41 (1981). In addition to the provisions of the statute and the regulations, a number of precedent decisions provide guidance on the filing of substantive motions. *See, e.g.*, *Matter of C-C-*, 23 I&N Dec. 899 (BIA 2006) (reopening for asylum based on a change in circumstances and country conditions); *Matter of Assaad*, 23 I&N Dec. 553 (BIA 2003) (reopening based on a claim of ineffective assistance of counsel); *Matter of Velarde*, 23 I&N Dec. 253 (BIA 2002) (reopening for adjustment of status based on a marriage entered into after the commencement of removal proceedings); *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988) (reopening based on a claim of ineffective assistance of counsel).

[3] We observe that the statute and the regulations regarding motions to reconsider before the Board and the Immigration Judges contain slightly different language, which does not affect the disposition of this motion. *Compare* sections 240(c)(6)(A), (B) of the Act *with* 8 C.F.R. § 1003.2(b)(2) *and* 8 C.F.R. § 1003.23(b)(1) (2006). *See generally Matter of Goolcharan*, 23 I&N Dec. 5 (BIA 2001); *Matter of J-J-*, 21 I&N Dec. 976 (BIA 1997).

to reopen, which seeks a new hearing based on new or previously unavailable evidence. *Id*. at 403; *see also* section 240(c)(7)(B) of the Act; 8 C.F.R. § 1003.2(c).

A motion to reconsider based on a legal argument that could have been raised earlier in the proceedings will be denied. *Matter of Medrano*, 20 I&N Dec. 216, 219 (BIA 1990, 1991) ("Arguments for consideration on appeal should all be submitted at one time, rather than in piecemeal fashion.") A motion to reconsider is not a mechanism by which a party may file a new brief before the Board raising additional legal arguments that are unrelated to those issues raised before the Immigration Judge and on appeal. Rather, the "additional legal arguments" that may be raised in a motion to reconsider should flow from new law or a de novo legal determination reached by the Board in its decision that may not have been addressed by the parties. Similarly, a motion to reconsider is not a process by which a party may submit, in essence, the same brief presented on appeal and seek reconsideration by generally alleging error in the prior Board decision. The moving party must specify the factual and legal issues raised on appeal that were decided in error or overlooked in our initial decision or must show how a change in law materially affects our prior decision. For example, reconsideration may be granted if a movant informs us that a particular aspect of the case, already raised or addressed during the hearing, was not considered in adjudicating the appeal, *see, e.g.*, *Matter of Ramos*, *supra*, or if an argument raised in the brief was overlooked at the time we entered our decision, *see, e.g.*, *Matter of Robles*, 24 I&N Dec. 22 (BIA 2006).

## II. STANDARDS FOR A MOTION TO RECONSIDER A DECISION TO AFFIRM WITHOUT OPINION

In 2002 the Attorney General enacted regulations to streamline case management at the Board. *See* Board of Immigration Appeals: Procedural Reforms To Improve Case Management, 67 Fed. Reg. 54,878 (Aug. 26, 2002); *see also* 8 C.F.R. § 1003.1 (2006). These reform regulations included the expanded use of decisions by a single Board Member. The regulations permit a single Board Member to decide a case by use of a summary affirmance order, otherwise known as an affirmance without opinion or "AWO." *See* 8 C.F.R. § 1003.1(e)(4). By regulation, an AWO must state the following: "The Board affirms, without opinion, the result of the decision below. The decision below is, therefore, the final agency determination. *See* 8 CFR 3.1(e)(4)." 8 C.F.R. § 1003.1(e)(4)(ii).[4]

---

[4] Although the regulations relating to the Board's adjudication of immigration matters have been transferred from 8 C.F.R. part 3 to part 1003, the citation to 8 C.F.R. § 3.1(e)(4) in the AWO regulation has not been amended to reflect that change. *See* 8 C.F.R. § 3.0 (2006);

(continued...)

The regulations regarding the use of an AWO state that a Board Member shall affirm the decision of the Immigration Judge without opinion if three conditions are met. First, the Board Member must determine that the result reached in the decision under review was correct. 8 C.F.R. § 1003.1(e)(4)(i). Second, the Board Member must conclude that any errors in the decision under review were harmless or nonmaterial. *Id.* Third, the Board Member must find that

> (A) The issues on appeal are squarely controlled by existing Board or federal court precedent and do not involve the application of precedent to a novel factual situation; *or*
> (B) The factual and legal issues raised on appeal are not so substantial that the case warrants the issuance of a written opinion in the case.

*Id.* (emphasis added). While the regulations bar a motion to reconsider solely on the management decision to issue an AWO by a single Board Member, a party may still move to reconsider the underlying reasons for the affirmance of the Immigration Judge's decision, if appropriate. 8 C.F.R. § 1003.2(b)(3).

In order to properly seek reconsideration of a summary affirmance order, the moving party should set forth the reasons the Board erred in concluding that the Immigration Judge's decision was correct. The motion should identify the material errors in the underlying Immigration Judge's decision, if any, that were overlooked by the Board and that ultimately affected the disposition of the appeal. In the event there is a change in law, the movant should identify the precedent, statute, or regulation at issue and show how the change materially affects the outcome of the case. Similarly, if the Board overlooked controlling precedent, the motion should state succinctly which issues that were *raised on appeal* involved such precedent, and how the case law changes the outcome of the case. In addition, the movant must show that the factual or legal issues that were *raised on appeal* were substantial and should have been considered, and the movant must explain how the issues, if addressed, would have changed the disposition of the appeal. A motion to reconsider an AWO that fails to address these factors, as applicable, will be denied for failure to sufficiently articulate the reasons for reconsideration.

## III. APPLICATION

In the instant case the respondent is seeking reconsideration of our summary affirmance order. The motion to reconsider essentially sets forth two bases for reconsideration. First, the motion reiterates the argument first raised on appeal that the respondent has a well-founded fear of persecution

---

[4] (...continued)
Aliens and Nationality; Homeland Security; Reorganization of Regulations, 68 Fed. Reg. 9824, 9826, 9830 (Feb. 28, 2003); 67 Fed. Reg. at 54,903.

based on political opinion. It does so, however, in very general terms, essentially by setting forth legal propositions without a detailed discussion of how those propositions apply to the respondent. Second, the respondent requests that we reconsider the summary affirmance in light of a completely new legal claim–that he was persecuted or has a well-founded fear of persecution on account of his alleged membership in a particular social group. He contends that this "additional legal argument" may properly be presented in a motion to reconsider. We disagree.

The respondent failed to assert his claim regarding membership in a particular social group in either his Application for Asylum and Withholding of Removal or during the hearing before the Immigration Judge. Likewise, he did not raise this issue on appeal. Thus, the motion to reconsider fails to identify a material issue that was overlooked by the Board in affirming the decision of the Immigration Judge. Indeed, the motion to reconsider does not point to any material error in the decision of the Immigration Judge.

Furthermore, the motion to reconsider does not allege that the issues, as raised on appeal, involved the application of precedent to a novel situation, or that there is new precedent or a change in law that affects our prior decision. The respondent has also not asserted any new facts or provided new evidence for our consideration that would convert his motion to reconsider into a motion to reopen. Instead, the respondent generally reiterates prior arguments and raises completely new legal arguments, which were not previously raised either before the Immigration Judge or on appeal, and which are based on the same factual record. *See Matter of Medrano*, *supra*. As noted above, a motion to reconsider must include specific allegations as to how the Board erred as a matter of fact or law in its AWO decision, and it must be supported by pertinent legal authority. Because the respondent has failed to raise such allegations of error in his motion to reconsider, we will deny the motion.

## IV. CONCLUSION

In conclusion, we find that a motion to reconsider should, consistent with the statute and regulations set forth at 8 C.F.R. § 1003.2(b), include the following: (1) an allegation of material factual or legal errors in the Board's decision that is supported by pertinent authority; (2) if the Board summarily affirmed the Immigration Judge's decision, a showing that the alleged errors and legal arguments were previously raised on appeal and a statement explaining how the Board erred in affirming the Immigration Judge's decision under the AWO regulations; and (3) if there has been a change in law, a reference to the relevant statute, regulation, or precedent and an explanation of how the outcome of the Board's decision is materially affected by the change. We find that the respondent's motion fails to assert any factual or

legal errors in our prior decision under the AWO regulations.  Accordingly, the motion to reconsider will be denied.

    **ORDER:**  The motion to reconsider is denied.