11-2253-ag
Cortez-Arevalo v. Holder

BIA
A070 950 713

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29ᵗʰ day of May, two thousand twelve.

PRESENT:
ROBERT D. SACK,
REENA RAGGI,
PETER W. HALL,
          Circuit Judges.
_____

NOHEMI CORTEZ-AREVALO,
          *Petitioner*,

          v.                                    11-2253-ag
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
          *Respondent*.
_____

FOR PETITIONER:        H. Raymond Fasano, Youman, Madeo & Fasano, LLP, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Nancy Friedman, Senior Litigation Counsel; Sharon M. Clay, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Nohemi Cortez-Arevalo ("Cortez"), a native and citizen of Guatemala, seeks review of a May 5, 2011, decision of the BIA denying her motion to reconsider and/or reopen her removal proceedings. *In re Nohemi Cortez-Arevalo*, No. A070 950 713 (B.I.A. May 5, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

The sole issue presented by this petition is whether the BIA failed to properly analyze Cortez's claim that *Perdomo v. Holder*, 611 F.3d 662 (9th Cir. 2010), constitutes a change in law justifying reconsideration of the BIA's January 26, 2011 decision. In order to demonstrate entitlement to reconsideration based on a change in law, the movant "must show how [the] change in law materially affects [the] prior decision." *Matter of O-S-G*, 24 I. & N. Dec. 56, 58 (B.I.A. 2006). Because the BIA correctly determined that the Ninth Circuit's decision in *Perdomo* is not binding on the Second Circuit, *see Matter of Anselmo*, 20 I. & N. Dec. 25, 31 (B.I.A. 1989), and, thus, did not materially affect

2

its January 26, 2011 decision, the BIA did not abuse its discretion in denying reconsideration. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3