**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1397**

KENNETH EKOW NKETSIAH,

              Petitioner,

       v.

LORETTA E. LYNCH, Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  January 25, 2016          Decided:  March 9, 2016

Before AGEE, THACKER, and HARRIS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Steven Kreiss, Washington, D.C., for Petitioner.  Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Terri J. Scadron, Assistant Director, Manuel A. Palau, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Ekow Nketsiah, a native and citizen of Ghana, petitions for review of the Board of Immigration Appeals' order denying Nketsiah's motion for reconsideration of the Board's prior order dismissing his appeal of the immigration judge's order denying Nketsiah's application for a stand-alone waiver of inadmissibility, see 8 U.S.C. § 1182(i) (2012), and ordering him removed to Ghana. We deny the petition for review.

A motion to reconsider asserts that the Board made an error in its earlier decision, and the movant must specify that error of fact or law. See 8 C.F.R. § 1003.2(b)(1) (2015). The denial of a motion to reconsider is reviewed for abuse of discretion. Urbina v. Holder, 745 F.3d 736, 741 (4th Cir. 2014); 8 C.F.R. § 1003.2(a) (2015). This court will reverse a denial of a motion to reconsider "only if the Board acted arbitrarily, irrationally, or contrary to law." Narine v. Holder, 559 F.3d 246, 249 (4th Cir. 2009) (internal quotation marks omitted).

Nketsiah does not satisfy this high standard. Our review of the record, including the transcript of Nketsiah's administrative proceedings, reveals substantial evidence to support the Board's factual determination that, when the immigration judge denied Nketsiah's waiver application, no other form of relief — including a request for voluntary departure — was pending. See 8 U.S.C. § 1252(b)(4)(B) (2012)

2

("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."). We thus discern no abuse of discretion in the Board's denial of Nketsiah's motion for reconsideration of this issue.

In addition to the claimed factual error, Nketsiah also presented in his motion for reconsideration an intricate legal argument to support Nketsiah's position that his request for voluntary departure remained pending when the immigration judge denied the waiver application. Nketsiah advances the same line of argument in this court.

But "[a] motion to reconsider is not a mechanism by which a party may file a new brief before the Board raising additional legal arguments that are unrelated to those issues raised before the Immigration Judge and on appeal." In re O-S-G-, 24 I. & N. Dec. 56, 58 (B.I.A. 2006). The Board cited this authority to supports its denial of this aspect of Nketsiah's motion to reconsider, in which Nketsiah asserted "a legal argument that could have been raised earlier in the proceedings." Id. We likewise discern no abuse of discretion in this ruling, which Nketsiah does not substantively challenge in his opening brief. See Martinez-Lopez v. Holder, 704 F.3d 169, 172 (1st Cir. 2013) (surveying circuit authority and joining the other circuit courts of appeals that have held "that the office of a motion to

3

reconsider in an immigration case, under current law, is ordinarily limited to the consideration of factual or legal errors in the disposition of issues previously raised").

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED