# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 17, 2021

Lyle W. Cayce
Clerk

———————

No. 21-60563

———————

Juana Beatriz Clavel-Avelar,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A099 541 381

———————————————————————

Before King, Smith, and Willett, *Circuit Judges*.

Per Curiam:*

Juana Beatriz Clavel-Avelar appeals from the Board of Immigration Appeals' order denying her motion for reconsideration. The Board issued three orders below. The first denied her appeal from the immigration judge's decision. The second denied her motion to reopen the case. The third denied her motion for reconsideration.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60563

Clavel-Avelar argues that the Board erred in denying her motion for reconsideration because her appeal was meritorious (taking issue with the Board's first order) and that her motion to reopen the case was timely (taking issue with the Board's second order). But neither of those issues is before the court. The only issue before this court is whether the Board correctly denied Clavel-Avelar's motion for reconsideration.

The Board denied her motion for reconsideration because the motion did not state any new argument or point out an argument that the Board had overlooked. *Matter of O-S-G-*, 24 I. & N. Dec. 56, 58 (BIA 2006) ("[A] motion to reconsider is not a process by which a party may submit, in essence, the same brief presented on appeal and seek reconsideration by generally alleging error in the prior Board decision."). Clavel-Avelar does not dispute that her motion for reconsideration raised no new argument. Because Clavel-Avelar cannot dispute that her motion did not comply with the requirements for motions for reconsideration, "there can be no substantial question as to the outcome of the case." *United States v. Vazquez-Ovalle*, 851 F. App'x 497, 498 (5th Cir. 2021) (quoting *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)).

Therefore, the Government's motion for summary disposition is GRANTED and the judgment of the Board of Immigration Appeals is AFFIRMED.