Hossain-Manik v. Garland

BIA
A208 680 439

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand twenty-two.

PRESENT:
>        ROSEMARY S. POOLER,
>        MICHAEL H. PARK,
>        WILLIAM J. NARDINI,
>             *Circuit Judges.*

_____

TOFAJJAL HOSSAIN-MANIK, AKA
TOFAJJAL HOSSAIN MANIK, AKA
TOFAJJAL HOSSAINMANIK, AKA
TOFAJJAL MANIK,
>        *Petitioner*,

v.                                          **19-1637**
                                            **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:             Patrick Crowley, Esq., New York, NY.

FOR RESPONDENT:             Joseph H. Hunt, Assistant Attorney General; Margaret Kuehne Taylor, Senior Litigation Counsel; Katherine S. Fischer, Trial Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tofajjal Hossain-Manik, a native and citizen of Bangladesh, seeks review of an April 29, 2019 decision of the BIA denying his motion to reconsider. *In re Tofajjal Hossain-Manik,* No. A208 680 439 (B.I.A. Apr. 29, 2019). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We find no abuse of discretion in the BIA's denial of Hossain-Manik's motion for reconsideration. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 173 (2d Cir. 2008). A "motion [to reconsider] shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C); *see also* 8 C.F.R. § 1003.2(b)(1). A motion to reconsider "is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Jin Ming Liu v. Gonzales*,

2

439 F.3d 109, 111 (2d Cir. 2006) (internal quotation marks omitted). If the movant asserts a change in the law, he must also show how that change "materially affects" the outcome of his case. *In re O-S-G-*, 24 I. & N. Dec. 56, 58 (B.I.A. 2006). The BIA does not abuse its discretion by denying a motion to reconsider where the motion merely repeats arguments that the BIA has previously rejected. *Jin Ming Liu*, 439 F.3d at 111.

Hossain-Manik asked the BIA to reconsider the adverse credibility determination in light of *Hong Fei Gao v. Sessions*, 891 F.3d 67 (2d Cir. 2018), in which we cautioned the agency about relying on omissions in an asylum applicant's initial statements where those omissions did not create inconsistency. *Id.* at 82. Hossain-Manik failed to demonstrate how *Hong Fei Gao*, which was decided four days before the BIA's previous decision in his case, materially impacted the outcome. *In re O-S-G-*, 24 I. & N. Dec. at 58. Although the adverse credibility determination relied, in part, on Hossain-Manik's omission of threatening phone calls from his personal statement, the agency also relied on three inconsistencies between his statement, documentary evidence, and testimony regarding when Hossain-Manik became interested in politics, what injuries he sustained in one of two

assaults, and whether his father was assaulted before or after Hossain-Manik left Bangladesh. The BIA did not err in concluding that these inconsistencies, which relate to the political opinion at the basis of his claim, one of only two assaults, and the timeline of events were sufficient grounds for the adverse credibility determination absent the omission. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Thus, we find no abuse of discretion in the BIA's conclusion that *Hong Fei Gao* did not warrant a grant of reconsideration. *In re O-S-G-*, 24 I. & N. Dec. at 58. Hossain-Manik's motion otherwise reiterated arguments raised on appeal, which are not proper grounds for a reconsideration motion. *See Jin Ming Liu*, 439 F.3d at 111.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4