**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 9 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUANA CRISTOBAL BALTAZAR, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 22-325 Agency No. A201-413-975 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2023**
Pasadena, California

Before: GRABER and OWENS, Circuit Judges, and TUNHEIM, District
Judge.***

Petitioner Juana Cristobal Baltazar, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") denial of her

motion to reconsider its dismissal of her appeal of an immigration judge's ("IJ")

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable John R. Tunheim, United States District Judge for
the District of Minnesota, sitting by designation.

previous denial of a motion to reopen. We review for abuse of discretion the BIA's denial of a motion to reconsider, Mohammed v. Gonzales, 400 F.3d 785, 791 (9th Cir. 2005) and deny the petition for review.

The BIA did not abuse its discretion in denying the motion to reconsider.[1] "A motion to reconsider does not present new law or facts, but rather challenges determinations of law and fact made by the BIA." Id. at 792 n.8. In the motion to reconsider, Petitioner raised several arguments that she already had presented to the BIA. But none of her arguments identifies an error of law or fact in the BIA's prior decision. See Ma v. Ashcroft, 361 F.3d 553, 558 (9th Cir. 2004) ("A petitioner's motion to reconsider must identify a legal or factual error in the BIA's prior decision."); 8 C.F.R. § 1003.2(b)(1) (same). Petitioner, in search of a different result, merely reiterated the same or similar arguments that she had made earlier before the BIA. Therefore, the BIA permissibly rejected those arguments. See Matter of O-S-G-, 24 I&N Dec. 56, 58 (BIA 2006) ("[A] motion to reconsider is not a process by which a party may submit, in essence, the same brief presented on appeal . . . .").

Petitioner also argues that the BIA erred by applying an incorrect legal standard for determining whether good cause exists to excuse a late filing

---

[1] The only issue before us relates to the motion to reconsider. Because the instant petition is untimely as to the BIA's January 12, 2021 decision on the merits, our review is limited to the BIA's January 20, 2022 decision denying reconsideration. See Martinez-Serrano v. INS, 94 F.3d 1256, 1258 (9th Cir. 1996) (holding that the time limit for filing a petition for review is "mandatory and jurisdictional").

2

caused by the failings of Petitioner's counsel. The BIA rejected Petitioner's ineffective assistance of counsel claim because she failed to meet the procedural requirements set forth in Matter of Lozada, 19 I&N Dec. 637 (B.I.A. 1988). Although Petitioner claims that the BIA mistakenly applied the standard for equitable tolling of a statutory filing deadline based on ineffective assistance of counsel, that argument mischaracterizes the BIA's analysis. The BIA denied reopening because the deficiencies in Petitioner's ineffective assistance of counsel claim meant that she would be unable to show that the failings of counsel justified a finding of good cause. Accordingly, the BIA applied the proper standard for determining whether Petitioner's untimely application should be excused.

**PETITION DENIED. The stay of removal will remain in place until the mandate issues.**