23-7135
Rahman v. McHenry

BIA
A208 455 354

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand twenty-five.

PRESENT:
　　　REENA RAGGI,
　　　RAYMOND J. LOHIER, JR.,
　　　MARIA ARAÚJO KAHN,
　　　　　*Circuit Judges.*
_____

JOLILOR RAHMAN,
　　　*Petitioner,*

　　v.　　　　　　　　　　　　　　　　　　　**23-7135**

　　　　　　　　　　　　　　　　　　　　　　NAC

JAMES R. MCHENRY III, ACTING UNITED STATES ATTORNEY GENERAL,
　　　*Respondent.**
_____

---

* The Clerk of Court is respectfully directed to amend the official caption as displayed above.

FOR PETITIONER:        Khagendra Gharti-Chhetry, Esq., New York, NY.

FOR RESPONDENT:        Brian M. Boynton, Principal Deputy Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Dana M. Camilleri, Senior Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jolilor Rahman, a native and citizen of Bangladesh, seeks review of a decision of the BIA denying his motion to reconsider a prior denial of reopening and reconsideration. *In re Jolilor Rahman*, No. A 208 455 354 (B.I.A. Aug. 31, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 173 (2d Cir. 2008). "The alien may file one motion to reconsider a decision that the alien is removable from the United States." 8 U.S.C. § 1229a(c)(6)(A). "The motion must be filed within 30 days of the date of entry of a final administrative order of removal." *Id.* § 1229a(c)(6)(B). "The motion shall specify the errors of law or fact in the previous order and shall be

2

supported by pertinent authority." *Id.* § 1229a(c)(6)(C). A motion to reconsider asks the BIA to "reevaluate its decision on the existing factual record" and the BIA "takes itself back in time and looks at the case . . . as it existed at the time of the original decision." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90–91 (2d Cir. 2001).

The BIA denied Rahman's reconsideration motion as number-barred given his previous motion labeled as a request for reopening and reconsideration that the BIA denied in March 2023. Rahman argues that his first motion sought only reopening and that the BIA erred in construing it as seeking reconsideration and thus in finding his subsequent motion to be a second request for reconsideration. We find no abuse of discretion.

First, as the Government points out, the BIA's March 2023 decision denying both reopening and reconsideration is not before us because Rahman did not petition for review of that decision. *See Ke Zhen Zhao*, 265 F.3d at 89–90; *see also Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). Relatedly, Rahman's second motion did not challenge the BIA's construction of his first motion as seeking both reopening and reconsideration. Accordingly, as the Government asserts, Rahman failed to exhaust the argument he raises here. S*ee Ud Din v. Garland*, 72 F.4th 411,

3

419–20 & n.2 (2d Cir. 2023) (confirming that issue exhaustion is mandatory when raised); *see also Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted.").

Even if the argument had been exhausted Rahman has not shown that the BIA abused its discretion. The first motion primarily sought reopening to introduce new evidence; however, Rahman labeled it as seeking both reopening and reconsideration and therein reiterated that he was persecuted in Bangladesh, implicitly challenging the prior decision that rejected those claims on credibility grounds—and thereby seeking reconsideration. Accordingly, the BIA did not err in construing it as a motion to reconsider. Moreover, no other construction would have allowed for review of the second motion. That motion was timely only as to the BIA's March 2023 decision denying the first motion, not as to the BIA's 2018 decision affirming the IJ's denial of asylum. *See* 8 U.S.C. § 1229a(c)(6)(B) (30-day deadline for a reconsideration motion). Accordingly, it had to assert error in the BIA's denial of reopening. *See id.*; *In re Cerna*, 20 I. & N. Dec. 399, 402 n.2 (B.I.A. 1991) ("A motion to reconsider is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or

4

aspect of the case which was overlooked." (quotation marks omitted)).  But the motion did not do that.  It repeated the allegations of new incidents of persecution from the motion to reopen and argued that there were errors in the underlying adverse credibility determination.  Rahman essentially sought reconsideration of the underlying adverse credibility determination, i.e., he raised arguments that should have been raised in a timely motion to reconsider the original adverse credibility determination.  *Id.*; *see In re O-S-G-*, 24 I. & N. Dec. 56, 58 (B.I.A. 2006) ("A motion to reconsider based on a legal argument that could have been raised earlier in the proceedings will be denied.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court