# Matter of Zaid ISKANDARANI, Respondent

*Decided April 8, 2025*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

When an Immigration Judge issues an oral decision, the 30-day appeal filing period is calculated from the date the decision is rendered and is unaffected by the subsequent mailing of a memorandum summarizing the oral decision.

FOR THE RESPONDENT: Wael M. Ahmad, Esquire, Lexington, Kentucky

BEFORE: Board Panel: MULLANE, MANN, and BAIRD, Appellate Immigration Judges.

BAIRD, Appellate Immigration Judge:

This case was last before the Board on June 12, 2024, when we dismissed the respondent's appeal as untimely filed. On June 27, 2024, the respondent filed a timely motion to reconsider, arguing that the Board erred in calculating the due date for his appeal. For the reasons set forth below, the motion will be denied.

The Immigration Judge rendered an oral decision at the conclusion of the September 14, 2023, hearing. Through an interpreter, the Immigration Judge informed the respondent, who was represented by an attorney, that his appeal was due on October 16, 2023. Also on September 14, 2023, the Immigration Judge prepared a memorandum containing a summary of the oral decision and listing the October 16, 2023, appeal due date. The Immigration Court mailed the memorandum to the parties on September 25, 2023. The respondent's appeal was initially received by the Board on October 18, 2023.[1] We dismissed the appeal as untimely and the present motion followed.

A motion to reconsider must identify an error of fact or law in the prior decision. *See* section 240(c)(6)(C) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229a(c)(6)(C) (2018); *Matter of O-S-G-*, 24 I&N Dec. 56, 56 (BIA 2006); 8 C.F.R. § 1003.2(b)(1) (2025). The respondent

---

[1] The respondent later refiled his appeal on November 1, 2023. In our decision dismissing the appeal, we stated that the appeal was untimely even if we considered it to have been filed on October 18, 2023.

argues that the Board erred in dismissing his appeal as untimely. Specifically, he argues that the due date for the appeal should have been calculated from the date the summary order was mailed to his attorney, rather than from the date the Immigration Judge rendered the oral decision.

A Notice of Appeal from a Decision of the Immigration Judge (Form EOIR-26) must be filed with the Board within 30 calendar days of an Immigration Judge's oral decision, or the mailing or electronic notification of a written decision. 8 C.F.R. § 1003.38(b) (2025). If the last day falls on a weekend or a legal holiday, the appeal must be received no later than the next business day. 8 C.F.R. § 1003.38(b), (c). The respondent argues that because the summary order was mailed on September 25, 2023, his appeal was due on October 25, 2023.[2]

We disagree with the respondent's interpretation of the regulatory language. Section 1003.37(a) of title 8 of the Code of Federal Regulations provides two formats for Immigration Judges to render a decision: orally or in writing. The regulation also prescribes how an Immigration Judge should render and communicate such decisions to the parties. An oral decision "shall be stated by the immigration judge in the presence of the parties and a memorandum summarizing the oral decision shall be served on the parties." 8 C.F.R. § 1003.37(a) (2025). A written decision "shall be served on the parties by personal service, mail, or electronic notification." *Id.*

The event that triggers the 30-day appeal filing period is the issuance of the Immigration Judge's decision, and this date depends on whether the Immigration Judge's decision is oral or written. *See* 8 C.F.R. § 1003.38(b). For oral decisions, the time for appeal begins upon the "stating of an immigration judge's oral decision." *Id.* For written decisions, the time for appeal begins upon the "mailing . . . of an immigration judge's written decision." *Id.* This distinction is expressly noted in the instructions for the Notice of Appeal, which state that "[y]ou must send the Notice of Appeal so that it is received by the Board within thirty (30) calendar days after the Immigration Judge's oral decision, or within thirty (30) calendar days after

---

[2]   The respondent, through counsel, argues that the Executive Office for Immigration Review's ("EOIR") online case management system listed an appeal due date of October 25, 2023. The respondent, who filed the underlying appeal pro se, has not presented a declaration or any other evidence indicating that he was aware of and relied upon this information. Regardless, as noted above, the Immigration Judge informed the respondent of the October 16, 2023, appeal due date at the final hearing. We emphasize that the instant case was not subject to electronic filing through EOIR's Courts & Appeals System. Rather, all documents and filings were part of a paper record of proceedings.

the date the Immigration Judge's written decision was mailed (*if no oral decision was rendered*)." Notice of Appeal from a Decision of an Immigration Judge, General Instructions, at 1 (Nov. 2022) (emphasis omitted and added).

An oral decision is not transformed into a written decision merely because the Immigration Judge prepares a memorandum summarizing the oral decision.[3] This is true even if the Immigration Judge prepares the memorandum and later sends it to the parties by mail.[4] When hearings are conducted by video and the parties are not present in the same physical location as the Immigration Judge, Immigration Judges cannot hand-deliver the summary order at the time they prepare it. But the service of the summary order by mail does not alter the appeal time. Thus, when an Immigration Judge issues an oral decision, the 30-day appeal filing period is calculated from the date the decision is rendered and is unaffected by the subsequent mailing of a memorandum summarizing the oral decision. *See* 8 C.F.R. §§ 1003.37(a), 1003.38(b).

The facts of this case are not unusual and are controlled by the plain language of the regulations. The Immigration Judge rendered an oral decision in the presence of the parties at the conclusion of the September 14, 2023, hearing. The record shows that at that time, the Immigration Judge clearly explained the appeal process and applicable deadlines, including the October 16, 2023, appeal due date, to the respondent's attorney, and the interpreter translated this information for the respondent. The Immigration Judge spoke directly to the respondent, through an interpreter, informed him of the due date of the appeal, and asked him if he had any questions. Thereafter, the Immigration Court mailed the memorandum summarizing the Immigration Judge's oral decision to the respondent's attorney. The Immigration Judge did not prepare a separate written decision. The respondent did not file his appeal on or before October 16, 2023, and so his appeal was properly dismissed. Therefore, the respondent has not demonstrated an error of fact or law in the Board's prior decision. *See*

---

[3] We disagree with the respondent's argument that the September 25, 2023, mailing indicated that the respondent had 30 days from the date of that mailing to file an appeal. The cover letter—also referred to as a transmittal letter or an "FF" letter—attached to the summary order has multiple options addressing different scenarios. The paragraph with the language cited and relied on by the respondent was not selected or marked. Therefore, the language cited is inapplicable to this case.

[4] The separate mailing of a "Law Addendum" or other document incorporated into an Immigration Judge's oral decision would similarly not change the appeal due date.

INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C).  Accordingly, we will deny the respondent's motion to reconsider.

ORDER:  The respondent's motion to reconsider is denied.

NOTICE: If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by the Department of Homeland Security, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* INA § 274D, 8 U.S.C. § 1324d (2018); 8 C.F.R. § 280.53(b)(14) (2025).