22-6562
Calderon-Jordan v. Bondi

BIA
A209 905 843/844
A209 903 175/194

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand twenty-five.

PRESENT:
> REENA RAGGI,
> MICHAEL H. PARK,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

─────────────────────────────────────

ROSA YANIRA CALDERON-JORDAN,
MARCOS TULIO GUEVARA-
HERNANDEZ, and their minor children
D.E.G-C. and I.M.G-C., *
> *Petitioners*,

──────────────────

\* We have used only initials to refer to the minor petitioners in this publicly accessible order, in accordance with Federal Rule of Civil Procedure 5.2(a)(3) and Federal Rule of Appellate Procedure 25(a)(5).

**v.**                                                    22-6562
                                                          NAC

**PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,**
       *Respondent.*
_____

FOR PETITIONERS:        Christopher Worth, The Law Office of
                                    Christopher Worth, East Quogue, NY.

FOR RESPONDENT:        Brian Boynton, Principal Deputy Assistant
                                    Attorney General; Stephen J. Flynn, Assistant
                                    Director; Robert Michael Stalzer, Trial
                                    Attorney, Office of Immigration Litigation,
                                    United States Department of Justice,
                                    Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is DENIED.

Petitioners Rosa Yanira Calderon-Jordan, Marcos Tulio Guevara-

Hernandez, and their minor children D.E.G-C. and I.M.G-C., natives and citizens

of El Salvador, seek review of a November 18, 2022, decision of the BIA denying

their motion to reconsider the denial of asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT"). *See In re Rosa Yanira Calderon-

Jordan, et al.*, Nos. A209 905 843/844, A209 903 175/194 (B.I.A. Nov. 18, 2022). We

assume the parties' familiarity with the underlying facts and procedural history.

2

We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 173 (2d Cir. 2008). "The alien may file one motion to reconsider a decision that the alien is removable from the United States." 8 U.S.C. § 1229a(c)(6)(A). "The motion must be filed within 30 days of the date of entry of a final administrative order of removal." *Id.* § 1229a(c)(6)(B). "The motion shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." *Id.* § 1229a(c)(6)(C). "A motion to reconsider is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *In re Cerna*, 20 I. & N. Dec. 399, 402 n.2 (B.I.A. 1991) (quotation marks omitted).

Because Petitioners seek review of only the denial of reconsideration, the underlying decisions are not before us. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006); *Ke Zhen Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 89–90 (2d Cir. 2001). Accordingly, we do not reach the merits of the underlying decisions. And we find no abuse of discretion in the BIA's denial of reconsideration.

First, Petitioners assert that their supplemental filing should not have been deemed untimely, arguing that the regulations do not specify that *all* arguments

3

must be made within 30 days of the decision from which reconsideration is sought. To the contrary, the regulations state that the "motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision," and that "[t]he moving party may file a brief *if it is included with the motion*." 8 C.F.R. § 1003.2(b)(1), (g)(3) (emphasis added). Petitioners also argue that the BIA should have considered the special circumstances—*i.e.*, that new counsel had to make a FOIA request and needed time to review the record because prior counsel had not provided all the documents—but they did not request equitable tolling or raise a claim of ineffective assistance of prior counsel to support a claim of equitable tolling of the filing deadline. *See Attipoe v. Barr*, 945 F.3d 76, 82 (2d Cir. 2019) (requiring the BIA to consider equitable tolling when "the petitioner raises the issue"). The BIA therefore did not abuse its discretion in declining to consider the arguments regarding CAT relief in the untimely supplemental filing.

Second, as noted above, only the denial of reconsideration is before us, so challenges to the merits of the immigration judge's ("IJ's") denial of CAT relief are not before us. *See Jin Ming Liu*, 439 F.3d at 111.

Third, "[t]he BIA does not abuse its discretion by denying a motion to

4

reconsider where the motion repeats arguments that the BIA has previously rejected." *Id.* Accordingly, the BIA did not err in declining to consider arguments that Petitioners were targeted because they were witnesses to a crime or because they opposed gang violence because they had raised those arguments in the initial appeal to the BIA, and the BIA had rejected them.

Finally, "[a] motion to reconsider based on a legal argument that could have been raised earlier in the proceedings will be denied." *In re O-S-G-*, 24 I. & N. Dec. 56, 58 (B.I.A. 2006). The motion to reconsider asserted that the IJ and BIA failed to consider the children's individual eligibility for relief (based on family membership and pressure to sell drugs for gangs). The BIA did not abuse its discretion in denying reconsideration on these grounds because these arguments could have, but were not, raised on appeal to the BIA or before the IJ. *See id.* The claim that the IJ erroneously identified Petitioner Guevara-Hernandez as a derivative applicant on Petitioner Calderon-Jordan's application is unexhausted because it was not raised in the motion to reconsider. *See Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) (requiring an applicant to raise issues "with specificity before the BIA" (quotation marks omitted)).

5

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court