# Matter of B-S-H-, Respondent

*Decided November 19, 2025*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Under the plain language of section 240(c)(7)(C)(iv)(III) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(c)(7)(C)(iv)(III) (2018), the extraordinary circumstances or extreme hardship waiver for motions to reopen only applies to temporal limitations for filing a motion to reopen to apply for relief under the Violence Against Women Act and not to the numerical limitation on such motions.

FOR THE RESPONDENT: Ali F. Sayyid, Esquire, New York, New York

BEFORE: Board Panel: MONTANTE and OWEN, Appellate Immigration Judges; GILLIES, Temporary Appellate Immigration Judge.

MONTANTE, Appellate Immigration Judge:

This matter was last before the Board on October 10, 2024, when we denied the respondent's motion to reopen to pursue adjustment of status in accordance with the provisions of the Violence Against Women Act, enacted as Title IV of the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, 108 Stat. 1796, 1902 ("VAWA"), and special rule cancellation of removal for battered spouses under section 240A(b)(2) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(b)(2) (2018). In November 2024, the respondent filed the instant motion to reconsider, which will be denied on the merits. The motion is also in the nature of a motion to reopen. Because we conclude that the motion to reopen is number barred, the motion will be denied.

## I. PROCEDURAL HISTORY

The respondent is a native and citizen of India. The Department of Homeland Security ("DHS") initiated removal proceedings against him in 2016, and he applied for various forms of relief before the Immigration Judge. The Immigration Judge denied the respondent's applications. The

respondent appealed, and on November 22, 2022, the Board affirmed the Immigration Judge's decision.[1]

In November 2023, the respondent filed a motion to reopen based on his pending VAWA self-petition filed with United States Citizenship and Immigration Services ("USCIS") and his claimed eligibility for special rule cancellation of removal under section 240A(b)(2)(A) of the INA, 8 U.S.C. § 1229b(b)(2)(A). The respondent alleged in his motion that he married his United States citizen wife while his appeal was pending with the Board and that sometime after the marriage, his wife began abusing him and exploiting his immigration status. The respondent later filed a supplement to his motion, presenting evidence that USCIS issued a prima facie determination regarding his VAWA self-petition.

On October 10, 2024, the Board denied the respondent's motion to reopen because the respondent had not established prima facie eligibility for relief. The Board noted that the VAWA self-petition was still pending and that a prima facie determination by USCIS is a preliminary determination and does not indicate that USCIS will approve the self-petition. The Board also concluded that the respondent had not made a prima facie showing that the requisite hardship and battery or cruelty requirements for special rule cancellation of removal had been met. *See* INA § 240A(b)(2)(A)(i), (v), 8 U.S.C. § 1229b(b)(2)(A)(i), (v). In November 2024, the respondent filed the instant motion.

## II. DISCUSSION

Although labeled a motion to reconsider, the respondent's motion is both a motion to reconsider and a motion to reopen. "A motion to reconsider contests the correctness of the original decision based on the previous factual record, [whereas] a motion to reopen . . . seeks a new hearing based on new or previously unavailable evidence." *Matter of O-S-G-*, 24 I&N Dec. 56, 57–58 (BIA 2006). A party seeking reconsideration requests that the original decision be reexamined in light of alleged legal or factual errors, a change of law, or an argument or aspect of the case that was overlooked. *Id.* at 57; *Matter of Cerna*, 20 I&N Dec. 399, 402 n.2 (BIA 1991); *see also* INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C) (2018) (providing that a motion to reconsider must specify the errors of law or fact in the prior decision). Here, the respondent challenges the Board's prior decision and seeks to submit

---

[1] On January 7, 2025, the United States Court of Appeals for the Second Circuit denied the respondent's petition for review of the Board's decision.

additional evidence in support of his request for reopening to seek adjustment of status based on his still-pending VAWA self-petition or special rule cancellation of removal.

## A. Motion to Reconsider

A motion to reconsider shall specify "errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1) (2025); *see also Matter of O-S-G-*, 24 I&N Dec. at 56. The respondent's motion does not establish any error in our previous decision denying reopening. While the respondent alleges that the Board erred in finding that jurisdiction over his adjustment of status application lies solely with USCIS, we did not make such a determination in our decision. We are also unpersuaded that we erred in our evaluation of the evidence presented, including our findings regarding USCIS' prima facie determination. *See* 8 C.F.R. § 204.2(c)(6)(ii), (iv) (2025) (providing that a prima facie determination does not relieve the VAWA self-petitioner of the burden of providing additional evidence in support of the petition, does not establish eligibility for the underlying petition, will not be considered evidence in support of the petition, will not be construed to make a determination on the credibility or probative value of any evidence submitted along with the petition, and will not relieve the self-petitioner of his or her burden of complying with all of the evidentiary requirements for obtaining relief). Disagreement with the result is not sufficient to establish error in our prior decision. Therefore, the motion to reconsider will be denied.

## B. Motion to Reopen

The INA imposes both a time limitation and a numerical limitation on motions to reopen. A motion to reopen must be filed within 90 days of the final administrative order of removal. INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The general 90-day motion to reopen time limitation does not apply to motions to reopen filed to pursue relief under VAWA if the motion to reopen is filed within 1 year of the final order of removal. INA § 240(c)(7)(C)(iv)(III), 8 U.S.C. § 1229a(c)(7)(C)(iv)(III). Moreover, the Attorney General may, in the exercise of discretion, waive this 1-year time limitation in the case of a respondent who demonstrates "extraordinary circumstances or extreme hardship to the [respondent's] child." *Id.*

The INA generally authorizes only one motion to reopen. INA § 240(c)(7)(A), 8 U.S.C § 1229a(c)(7)(A). However, "this limitation shall

not apply so as to prevent the filing of one motion to reopen [to apply for relief under VAWA]." *Id.*

As a motion to reopen, the respondent's November 2024 motion to pursue relief under VAWA is untimely as it was not filed within 1 year of the Board's November 22, 2022, final administrative order of removal. INA § 240(c)(7)(C)(iv)(III), 8 U.S.C. § 1229a(c)(7)(C)(iv)(III). The motion is also number barred as it is not the respondent's first motion to reopen filed to pursue relief under VAWA. INA § 240(c)(7)(A), 8 U.S.C. § 1229a(c)(7)(A).

While the INA provides for a waiver of the 1-year time limitation on motions to reopen to seek relief pursuant to VAWA, this provision does not apply to the separate numerical limitation. Section 240(c)(7)(C)(iv) of the INA, 8 U.S.C. § 1229a(c)(7)(C)(iv), provides, in relevant part:

> Any limitation under this section on the deadlines for filing such motions shall not apply . . .
>      . . . .
>    (III) if the motion to reopen is filed within 1 year of the entry of the final order of removal, except that the Attorney General may, in the Attorney General's discretion, waive this time limitation in the case of an alien who demonstrates extraordinary circumstances or extreme hardship to the alien's child . . . .

The reference to "any limitation . . . on the deadlines" for filing a motion to reopen under section 240(c)(7)(C) of the INA, 8 U.S.C. § 1229a(c)(7)(C), refers to the temporal deadlines contained in that section. The numerical limitation on motions to reopen appears in section 240(c)(7)(A) of the INA, 8 U.S.C. § 1229a(c)(7)(A).[2] Additionally, section 240(c)(7)(C)(iv)(III) of the INA, 8 U.S.C. § 1229a(c)(7)(C)(iv)(III), specifically provides for a waiver of the "time limitation;" it does not mention the numerical limitation. Finally, the language of section 240(c)(7)(A) of the INA, 8 U.S.C. § 1229a(c)(7)(A), limits an alien to "*one* motion to reopen described in subparagraph (C)(iv)," thus barring a second motion to reopen to apply for relief under VAWA.

---

[2] The only circuit court to have addressed this issue is the Third Circuit, which did so in an unpublished decision. The Third Circuit held that "the 'any limitation' language [in section 240(c)(7)(C)(iv) of the INA, 8 U.S.C. §1229a(c)(7)(C)(iv),] expressly applies to 'deadlines' for filing motions to reopen" and the applicant had not established "that this language extends to the numeric bar, which appears elsewhere in the statute and limits an applicant to a single VAWA motion to reopen." *See Wane v. Att'y Gen. U.S.*, No. 23-3229, 2024 WL 4200583, at *2 (3d Cir. Sept. 16, 2024).

Under the plain language of section 240(c)(7)(C)(iv)(III) of the INA, 8 U.S.C. § 1229a(c)(7)(C)(iv)(III), the extraordinary circumstances or extreme hardship waiver for motions to reopen only applies to temporal limitations for filing a motion to reopen to apply for relief under VAWA and not to the numerical limitation on such motions. *See Republic of Sudan v. Harrison*, 587 U.S. 1, 8 (2019) (noting that when interpreting a statute, the Court focuses on the language of the statute); *see also Bostock v. Clayton Cnty.*, 590 U.S. 644, 654 (2020) (stating that a court should "interpret[] a statute in accord with the ordinary public meaning of its terms at the time of its enactment"). As this is the respondent's second motion to reopen to apply for relief pursuant to VAWA, it is number barred. This numerical bar cannot be waived by the statutory provision under section 240(c)(7)(C)(iv)(III) of the INA, 8 U.S.C. § 1229a(c)(7)(C)(iv)(III).

The respondent urges us to sua sponte reopen proceedings under 8 C.F.R § 1003.2(a) (2025). The Board's sua sponte authority is not "a general remedy for any hardships created by enforcement of the time and number limits in the motions [statute and] regulations." *Matter of G-D-*, 22 I&N Dec. 1132, 1133–34 (BIA 1999). Rather, it is a discretionary authority to be invoked sparingly, as an "extraordinary remedy reserved for truly exceptional situations." *Id.* at 1134; *Matter of J-J-*, 21 I&N Dec. 976, 984 (BIA 1997). Whether a case merits sua sponte reopening depends on all the facts and circumstances presented in each case.

Having considered the motion and supporting documentation, we conclude that the totality of the circumstances in this case do not present an exceptional situation that warrants the exercise of our sua sponte reopening authority. *See Matter of J-J-*, 21 I&N Dec. at 984; 8 C.F.R § 1003.2(a). Accordingly, we decline to reopen sua sponte in the exercise of discretion.

## III. CONCLUSION

The respondent's motion is both a motion to reconsider and an untimely and number-barred motion to reopen. Given the limited evidence supporting his eligibility for relief, the motion to reconsider does not establish any error in our prior decision denying the respondent's motion to reopen to pursue adjustment of status under VAWA and special rule cancellation. The motion to reopen is untimely as it was not filed within 1 year of the final administrative order and it is the respondent's second motion to reopen pursuant to VAWA. The statutory provision permitting the Attorney General to waive the 1-year time limitation on one motion to reopen pursuant to VAWA does not provide for a waiver of the numerical limitation on a second motion to reopen pursuant to VAWA. Based on the foregoing, the

respondent's motion will be denied and his request for a stay of removal will be denied as moot.

**ORDER:**  The respondent's motion is denied.

**NOTICE:**  If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation.  *See* INA § 274D, 8 U.S.C. § 1324d (2018); 8 C.F.R. § 280.53(b)(14) (2025).  Further, any respondent that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than 2 years, or both.  *See* INA § 276(a), 8 U.S.C. § 1326(a).