FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

November 26, 2025

**Christopher M. Wolpert**
**Clerk of Court**

CATALINA CARHUAMACA-
VILCAHUAMAN; AYELEN Z. DE LA
CRUZ-CARHUAMACA; KATLYN V.
DE LA CRUZ-CARHUAMACA; JHON
DE LE CRUZ-ESCOBAR,

      Petitioners,

v.

PAMELA J. BONDI, United States
Attorney General,

      Respondent.

No. 25-9533
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.
_____

Petitioners seek review of a decision of the Board of Immigration Appeals

("Board") denying their motion for reconsideration of the Board's denial of their

motion to reopen.  We dismiss the petition in part for lack of jurisdiction and,

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

exercising jurisdiction over the remainder of the petition under 8 U.S.C.

§ 1252(a)(1),[1] deny the petition for review.

## I.  BACKGROUND

Petitioners are natives and citizens of Peru who entered the United States in 2022 without admission or inspection by an immigration official.  They were served Notices to Appear charging each of them with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) as noncitizens present in the United States without admission or parole.  They admitted the charges and applied for asylum, withholding of removal, and relief under the United Nations Convention Against Torture.  An immigration judge denied relief and ordered them removed to Peru.  Petitioners timely appealed to the Board.  On May 3, 2024, the Board dismissed the appeal (May 3 Order).

On June 5, 2024, Petitioners filed a motion with the Board seeking to extend their June 3, 2024, deadline for filing with this court a petition for review of the Board's dismissal of their appeal.[2]  *See* R. vol. 3 at 501–03.  They argued that although their counsel had drafted a petition for review prior to June 3, he had "an intervening medical issue requiring surgery and was on medical leave at the time of the due date for Petitioner[s'] appeal."  *Id.* at 502.  On August 23, 2024, the Board

---

[1] *See Mata v. Lynch*, 576 U.S. 143, 147 (2015) (explaining that § 1252(a)(1) "encompasses review of decisions refusing to reopen or reconsider").

[2] *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal").  The Supreme Court has recently clarified that this "30-day filing rule is not jurisdictional." *Riley v. Bondi*, 606 U.S. 259, 277 (2025).

rejected that motion, stating that it had "rendered a decision on this case on 5-3-2024" and that if Petitioners "intend to file a motion to reopen or reconsider[,] it needs to be filed as an initiating document." R. vol. 1 at 101.

On September 18, 2024, Petitioners filed a motion to reopen with the Board. They asked the Board to reopen the case and reissue the May 3 Order so that they could timely file a petition for review with this court. In support, they reiterated the details of their attorney's medical leave and stated that on September 6, counsel had spoken "with a member of the Board's Clerk staff to gather more detailed information about the reason" the Board had rejected their June 5 motion. *Id.* at 77.

On December 19, 2024, the Board denied the motion to reopen as untimely. The Board explained that under 8 U.S.C. § 1229a(c)(7)(C)(i) and associated regulations, a motion to reopen must generally be filed no later than 90 days after entry of a final administrative order of removal. The Board observed that Petitioners failed to meet that deadline because they filed their motion to reopen more than four months after the May 3 Order and they had "not shown that any statutory or regulatory exception to the time . . . limitations for motions to reopen apply in this case." *Id.* at 71. The Board found that the case did not present an "exceptional situation" warranting the exercise of the Board's authority to reopen proceedings sua sponte. *Id.* The Board stated it had "no authority to extend the time limit for filing a petition for review." *Id.* at 72. The Board further stated that although it had on occasion "reissued [its] decisions," it had "generally" done so "only due to error by the Board or administrative problems involving receipt of the decision," and

Petitioners had not alleged that the Board had erred or that they had not received the May 3 Order. *Id.* Petitioners did not file a petition for review of the denial of their motion to reopen.

On January 21, 2025, Petitioners filed a motion for reconsideration of the Board's denial of their motion to reopen. *See id.* at 9–13. Petitioners argued that the Board should apply equitable tolling to their motion to reopen based on their attorney's May 28 surgery, his associated medical leave until June 4, 2024, and the diligence shown by the June 5 motion seeking an extension of time to file a petition for review of the May 3 Order. *See id.* at 12–13. They also asked the Board to exercise its discretion to reopen the proceedings sua sponte and reissue the May 3 Order so they could file a timely petition for review, arguing that the Board should not count the time their June 5 motion was pending before the Board against the 90-day deadline for motions to reopen. *See id.* at 13.

The Board denied the motion to reconsider. The Board observed that although a motion to reconsider must "'specify the errors of law or fact in the previous order'" and must "'be supported by pertinent authority,'" R. vol. 1 at 3 (quoting 8 U.S.C. § 1229a(c)(6)(C)), Petitioners did not present any errors of fact or law in the Board's order denying their motion to reopen. Instead, Petitioners asked for "equitable tolling of the filing deadline for their prior motion to reopen, but they did not raise this issue in that motion," and "[a] motion to reconsider is not an opportunity to make new arguments that could have been raised earlier." *Id.* (citing *In re O-S-G-,* 24 I. & N. Dec. 56, 58 (B.I.A. 2006)). The Board also rejected Petitioners' renewed

request for sua sponte reopening because "a motion to reconsider is not a process by which a party may present the same argument that was previously raised and rejected." *Id.* at 4 (citing *In re O-S-G-*, 24 I. & N. Dec. at 58). The Board stated that Petitioners had "not identified any factors that were overlooked or alleged any specific errors of fact or law in [the Board's] decision declining to reopen proceedings." *Id.* In addition, the Board declined to exercise its sua sponte authority to reconsider its denial of Petitioners' motion to reopen because its "sua sponte authority 'is not meant to be used as a general cure for filing defects or to otherwise circumvent the regulations, where enforcing them might result in hardship.'" *Id.* (quoting *In re J-J-*, 21 I. & N. Dec. 976, 984 (B.I.A. 1997)).

Petitioners now seek review of the Board's order denying their motion to reconsider.

## II.  DISCUSSION

We first address the Board's denial of the motion to reconsider then turn to its denial of sua sponte reopening and reconsideration.

### A.     Denial of motion to reconsider

We review the Board's denial of a motion to reconsider for an abuse of discretion. *Berdiev v. Garland*, 13 F.4th 1125, 1130 (10th Cir. 2021). "The [Board] abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* at 1130–31 (internal quotation marks

5

omitted).  "Committing a legal error . . . is necessarily an abuse of discretion." *Id.* at 1131 (brackets and internal quotation marks omitted).

Petitioners contend that in denying their motion for reconsideration, the Board "overlooked the factual indicators and circumstances" they raised in their motion to reopen that "could lead the [Board] to apply the doctrine of equitable tolling," namely, their "diligent efforts to pursue [their] immigration claims" since entry into the United States, their attorney's surgery, and their attorney's diligence in attempting to preserve their rights.  Pet'r's Br. at 6–7.  They admit that their motion to reopen did not explicitly refer to equitable tolling, but they claim the motion to reopen referenced equitable tolling by mentioning "the best interest of justice," R. vol. 1 at 77, and therefore the express request for equitable tolling set out in their motion for reconsideration was not a "new argument," Pet'r's Br. at 8.

We are not persuaded that the Board abused its discretion in deeming the equitable-tolling argument a new argument and therefore not a basis for granting reconsideration.  First, in their motion for reconsideration, Petitioners did not argue (as they do here) that the Board *should have* construed their motion to reopen as requesting equitable tolling of the 90-day deadline to file the motion to reopen. Instead, they simply asked the Board to apply equitable tolling to their untimely motion to reopen.  Second, to the extent the motion to reopen could be read as invoking equitable tolling through its general reference to "the best interest of justice," R. vol. 1 at 77, it did so only with respect to the deadline to file the petition for review, not with respect to the motion to reopen itself.  Specifically, in the motion

to reopen, Petitioners did not advance any explanation why their attorney's surgery and medical leave, which ended on June 4, 2024, prevented him from filing a motion to reopen within 90 days of the May 3 Order. In fact, they did not even acknowledge that the motion to reopen was untimely.

For these reasons, we conclude that the Board did not abuse its discretion in denying the motion to reconsider on the ground that Petitioners did not specify any errors of fact or law in the order denying the motion to reopen but instead raised a new argument that could have been presented in the motion to reopen. The Board's ruling was consistent with Board precedent. *See In re O-S-G-*, 24 I. & N. Dec. at 58 ("A motion to reconsider based on a legal argument that could have been raised earlier in the proceedings will be denied.").

## B. Denial of sua sponte reopening and reconsideration

"The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision." 8 C.F.R. § 1003.2(a). We generally lack jurisdiction to review the Board's decision not to exercise this sua sponte authority "because there are no standards by which to judge the agency's exercise of discretion." *Reyes-Vargas v. Barr*, 958 F.3d 1295, 1300 (10th Cir. 2020) (internal quotation marks omitted). But under a narrow exception, we may review whether the Board relied "on an incorrect legal premise" or "misperceived the legal background." *Id.* (internal quotation marks omitted).

Petitioners do not acknowledge the jurisdictional impediment at all, let alone argue that the Board relied on an incorrect legal premise or misperceived the legal

background. Instead, they seem to argue that the Board should have granted reopening sua sponte in the interests of justice because the Board allegedly overlooked the equitable-tolling argument they claim they made in their motion to reopen. *See* Pet'r's Br. at 9. This argument asks only whether the Board should have decided that the renewed request for sua sponte reopening presented the sort of exceptional situation for which the Board's sua sponte authority is reserved. *See, e.g.*, *In re G-D-*, 22 I. & N. Dec. 1132, 1133–34 (B.I.A. 1999) (en banc) (explaining that the Board's "sua sponte authority" is "an extraordinary remedy reserved for truly exceptional situations"). Because the argument does not implicate the concerns that fall within the narrow jurisdictional exception, we lack jurisdiction to review it.[3]

More fundamentally, Petitioners' argument ignores the reasons the Board gave for declining to exercise its sua sponte authority. Nonetheless, we have reviewed those reasons, and to the extent we have jurisdiction under the narrow exception set out in *Reyes-Vargas*, we see no error. The Board denied Petitioners' request to reopen sua sponte because they had previously requested reopening, and "a motion to reconsider is not a process by which a party may present the same argument that was previously raised and rejected." R. vol. 1 at 4. In support of that rationale, the Board cited *In re O-S-G-*, 24 I. & N. Dec. at 58, which explains: "[A] motion to reconsider is not a process by which a party may submit, in essence, the same brief presented on

---

[3] In addition, the argument's premise is flawed given our determination that the Board did not abuse its discretion in concluding Petitioners did not argue in the motion to reopen that equitable tolling should excuse the untimeliness of that motion.

appeal and seek reconsideration by generally alleging error in the prior Board decision." And the Board refused to exercise its sua sponte authority to reconsider its denial of Petitioners' motion to reopen because that authority "'is not meant to be used as a general cure for filing defects or to otherwise circumvent the regulations, where enforcing them might result in hardship.'" R. vol. 1 at 4 (quoting *In re J-J-*, 21 I. & N. Dec. at 984). In addition to quoting from *In re J-J-*, the Board cited *In re G-D-*, apparently for the principle that "[a]s a general matter," the Board "invoke[s] [its] sua sponte authority sparingly, treating it not as a general remedy for any hardships created by enforcement of the time and number limits in the motions regulations, but as an extraordinary remedy reserved for truly exceptional situations," 22 I. & N. Dec. at 1133–34.

Because the Board's reasons are consistent with the precedent the Board relied on, we conclude that the Board did not rely "on an incorrect legal premise" or "misperceive[] the legal background," *Reyes-Vargas*, 958 F.3d at 1300 (internal quotation marks omitted), in declining to exercise its sua sponte authority to reopen or reconsider.

## III. CONCLUSION

We dismiss the petition for review in part for lack of jurisdiction and otherwise deny the petition.

Entered for the Court

Gregory A. Phillips
Circuit Judge

9